## The Finley Shoe & Leather Company v. John M. Kurtz.

*Corporations: Increase of capital stock: Corporate officer.* It is not within the implied powers of any corporate officer to obligate the corporation to an increase of the capital stock by an agreement with an employe that he should receive stock in payment for his services, when the corporation held no stock.

*Increase of capital stock.* The law permits an increase of capital stock only by the body of corporators specially convened for the purpose; that which the law prohibits directly may not be done indirectly.

*Corporations: Stockholders: Individual action.* An undertaking by all the stockholders severally on its behalf does not bind the corporation; where joint action is required by law, individual action is of no avail.

34 MICH.—12.

*Contracts: Mutuality: Corporate action.*   There can be no contract without
  mutuality; and a corporation can only be bound by corporate action.

*Submitted on briefs April 14.   Decided April 20.*

Error to Superior Court of Detroit.

*Walker & Kent*, for plaintiff in error.

*Otto Kirchner*, for defendant in error.

COOLEY, CH. J:

The plaintiff in error is a manufacturing corporation doing
business in the city of Detroit. It was organized under the
general law providing for the organization of such corpora-
tions, and by its articles its capital stock is thirty thousand
dollars, which may be increased to one hundred and fifty
thousand dollars.   Kurtz was in the employ of the corpo-
ration and loaned money to it.   For this he proposed to
take stock, and also for a portion of what he earned by his
services.   The corporators were only three in number, and
one of them informed Kurtz that he had conferred with the
others and it was agreed that Kurtz should have stock for
what was owing him.   The sum was afterwards credited
him on the corporate books as payment on stock, but with-
out his direction.   In the corporate reports subsequently
made to the secretary of state, Kurtz was set down as a
stockholder, but of this he had no knowledge.   Afterwards
Kurtz was discharged from the service of the corporation,
and he then brought suit for what was credited to him,
refusing to take stock therefor.   It appears that the three
original stockholders held the whole thirty thousand dollars
of stock; that the corporation never took steps to increase
the capital to any larger sum, and that no individual stock-
holder offered to assign to Kurtz any of his stock.

The defense to Kurtz's suit is, that what was due him
has by his consent been applied on stock, and that he is
entitled to stock therefor and nothing else.   To make good

this defense the corporation must have shown, *first*, that it had stock to give Kurtz; and, *second*, that there was an agreement on their part that he should have it, and on his part that he would take it.

That the corporation might have had the stock to give Kurtz is undoubted. All that was necessary was that the corporation should increase its capital stock in the manner provided by law, that is to say, by vote of the stockholders at a meeting called for that purpose.—*Comp. L.*, § *2841*. Probably by corporate action it might in advance agree to make such increase, and receive money for stock to be issued when the increase should be declared. But it is not very clear that the officers of the company could take action of that nature which would bind the corporators; for if they could, a meeting of the stockholders for the purpose would be a mere ceremony to do that which they could not refuse to do. It certainly could not be within the implied powers of any corporate officer to obligate the corporation to any such increase, and thus indirectly do what the law permits to be done only by the body of corporators specially convened for the purpose.

Taking the case as it stands on the record, it is very manifest that the corporation was never placed under obligation to give Kurtz the stock. Assuming that all the stockholders had severally agreed to it, this agreement bound no one, and might have been repudiated at any corporate meeting. Where joint action is required by law, individual action is of no avail, and at most only puts the individuals under honorary obligations of which the law can take no notice. Suppose Kurtz had demanded the stock when he was discharged, it is clear that the corporation would have had none to give him. Suppose he had sued the corporation for refusal to deliver, where would he have discovered the elements of a contract to that effect? Certainly not in a report to which he was no party, and which was made without his consent or knowledge. Certainly not in the assurances of individual stockholders, when these, so

far from binding the corporation, would not even bind them-selves individually. The conclusion is inevitable that Kurtz must have failed in such an action, and if so, the corpora-tion must fail in this defense. There can be no contract without mutuality, and a corporation can only be bound by corporate action, and that we look for in vain in this record.

The judgment must be affirmed, with costs.

The other Justices concurred.