HERMAN GREENBAUM ET AL. v. M. H. TURRILL.

SHAM ANSWER—PLEADING.—An answer verified by the defendant, and setting up a sufficient defense, cannot be stricken out as sham, whether such answer consists of denials, or sets up an affirmative defense.

APPEAL from an order, and from a judgment, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

After the decision, the respondents filed their petition that the appeal be reheard in Bank, and the application was denied.

*J. M. Wood*, and *McAllister & Bergin*, for Appellant.

The defendant has a right to an opportunity to establish his defense before a jury by evidence admissible for that purpose, and he has a right to put the plaintiffs to the proof of their demand, and to require that they establish it by competent evidence. (*Fay* v. *Cobb*, 51 Cal. 313.)

It seems to be conceded, that, if the defense be *bona fide*, the affidavit of the defendant to that effect is a sufficient answer to any attempt to strike it out as sham. (*Gostorfs* v. *Taaffe*, 18 Cal. 388.) The pleadings were verified and tendered issues. Such issues cannot be disposed of upon motion. (*Fay* v. *Cobb*, 51 Cal. 313; *McDonald* v. *Davidson*, 30 id. 174; *Farmers' Bank* v. *Christiansen*, 51 id. 572.)

*Lake & McKoon*, for Respondents.

The answer was properly stricken out as sham and irrelevant. Courts at common law exercised the authority to strike out false or sham pleas. The practice is still the same, and the power of the Court to strike out a sham answer is clear, whether the answer be verified or not. (Code Civ. Proc. § 453; *Butterfield* v. *Macumber*, 22 How. Pr. 150; *The People* v. *McCumber*, 18 N. Y. 315; *McCarty* v. *O'Donnell*, 7 Rob. 431–437; *Roome* v. *Nicholson*, 8 Abb. N. S. 343; *Gostorfs* v. *Taafe*, 18 Cal. 386; *Wedderspoon* v. *Rogers*, 32 id. 569.)

The case of *Fay* v. *Cobb*, 51 Cal. 313, does not militate against this position. That case follows the analogies of the

practice at common law, which was, not to strike out a plea of the general issue. The practice was founded on the rule that the defendant had a right in all cases to put the plaintiff to the proof of his cause of action as alleged in the declaration. An affirmative defense, however, rests on different principles, and the courts at common law would always strike out a false or sham affirmative plea. (*Fellows* v. *Muller*, 38 N. Y. Sup. Ct. 137.)

In this case, the defense is alleged on "information and belief," and is an affirmative defense of want of consideration.

*Lake & McKoon*, for Respondent, on petition for rehearing.

Verified answers have heretofore been stricken out by the courts of this State, and of other States; and it is difficult to see the difference, upon a motion to strike out, between a verified answer and an unverified one supported by an affidavit that allegations of said answer are true, except as to the matters therein stated upon defendant's information and belief, together with an affidavit of merits. The affidavits would be the same in either case, and we are unable to see that the affidavit would or should have any peculiar force, by being annexed to the answer, which it would lack if produced for the first time upon the motion.

MORRISON, C. J.:

The plaintiffs brought an action in the late District Court of the Nineteenth Judicial District, on a promissory note given by the defendant to one James Morgan. The complaint avers, that the note was indorsed by Morgan to the plaintiffs before maturity, that the payment thereof has been duly demanded, and that the whole amount of principal and interest remains due and unpaid. The defendant filed an answer in which he " denies that the promissory note mentioned in the complaint was made for value received; denies that he, defendant, ever received any consideration therefor from James ,Morgan, the payee therein named, or from any other person or persons whomsoever, either at the time of making said note, or at any other time before or since; that he was not indebted to said

Morgan at the time said note was made, in any sum whatever. And defendant, upon his information and belief, denies that said James Morgan indorsed the same to plaintiffs, or to any other person, for any consideration whatever ; and that plaintiffs ever paid or gave any consideration therefor to any person whomsoever."

The foregoing are all the denials contained in the answer which we are called upon to notice in this opinion. The complaint and answer *were verified* in due form.

The answer was filed on the 6th day of February, 1879, and on the 8th day of the same month a notice was given by the attorney for the plaintiffs to the attorney for defendant, that he would move the Court to strike out the answer, "upon the ground that it is sham and irrelevant," and that he would also at the same time ask for judgment against the defendant for the amount claimed in the complaint. In support of the motion, plaintiffs introduced several affidavits showing that the note was given for a full consideration, and showing also that the plaintiffs were holders for value. In answer to these affidavits, two affidavits were filed on behalf of the defendant. They were both made by him ; the first being to the effect that he had fully and fairly stated the case and his defense to his attorney (naming him), and was advised and believed that he had a full, complete, and meritorious defense to the action ; and the second stating that " the verified answer interposed by him was made and filed in good faith on his part, and that he expected to prove the averments therein contained, and all of them, upon the trial of the cause, to the satisfaction of the Court and jury." On the 19th day of March, 1879, it was ordered by the Court, that the answer be stricken out as sham, and that judgment be entered for the plaintiffs, and against the defendant, for $10,000, with interest and costs, as prayed for in the complaint. From that judgment this appeal is taken.

By § 453 of the Code of Civil Procedure, it is provided that " sham and irrelevant answers, and irrelevant and redundant matter inserted in a pleading, may be stricken out upon such terms as the Court may, in its discretion, impose." " A sham answer is one good in form, but false in fact, and not pleaded in good faith." (*Piercy* v. *Sabin*, 10 Cal. 22.) Mr. Chitty, in

his work on Pleading (vol. i, p. 541), says: " Sham pleading—
that is, the pleading a matter known by the party to be false,
for the purpose of delay or other unworthy object—has always
been considered a very culpable abuse of justice." By § 538
of the New York Code, it is provided that " a sham answer or
a sham defense may be stricken out by the Court, upon motion,
and upon such terms as the Court deems just." In the case of
*People* v. *McCumber*, 18 N. Y. 315, the Court of Appeals gave
substantially the same definition of a sham answer as that given
by the Court in *Piercy* v. *Sabin*, *supra*.

The precise questions involved in this case have never been
passed upon by the Supreme Court of this State.

It was well settled, that the plea called the general issue could
not be stricken out at common law as sham, nor can it be under
the Code. (*Fellows* v. *Muller*, 38 N. Y. S. C. 139; *Wayland*
v. *Tysen*, 45 id. 281; *Thompson* v. *Erie R. R. Co.* id. 468;
*Fay* v. *Cobb*, 51 Cal. 315.) " The defendant has the right to
put the plaintiff to the proof of his demand, and to urge that
he establish it by evidence admissible for that purpose. An
*ex parte* affidavit is not such evidence." (*Fay* v. *Cobb*, 51 Cal.
315; *Wayland* v. *Tysen*, 45 N. Y. 282.)

One of the averments in the answer which was stricken out
in this case was, that the note was given without consideration;
and such a defense could be proved under the general issue at
common law. (1 Chitty on Pleading, 477.)

There is, however, another question, and a more important
one, involved in this case; and that is, Can a *verified answer*,
such as was interposed by the defendant, be stricken out on
motion? If it contained but a general denial of the facts es-
sential to the maintenance of the plaintiffs' action, it could not
be stricken out at common law. The authorities referred to
above establish that principle. The Code provides, however,
that, when the complaint is verified, the answer shall also be
verified, and a specific denial of every controverted fact is re-
quired. A general denial of the averments of the complaint
was therefore inadmissible in this case.

In support of the action of the Court below, in striking out
defendant's answer, the strongest case referred to by the learned
counsel for the respondents is that of *The People* v. *McCumber*,

already cited. In that case, Judge Strong remarks, that "he knew of no better right to obstruct the plaintiff in the enforcement of an honest demand, to which there is no defense by the general issue, than by a special plea"; and he adds: "Whatever may have been the reason, under the old system, for limiting the exercise of the power to strike 'out false or sham pleas to those presenting affirmative defenses, it has no application, under the new, to defenses in denial of the complaint, or of material portions of it, or denying any knowledge or information thereof sufficient to form a belief. Such denials simply put in issue the allegations to which they relate; and they may be false or sham, and abused for improper purposes, as well as a defense of any other character." The learned judge also says, in regard to the verification of the answer, that the Code makes no distinction in the respect of striking out, between answers verified and unverified, and remarks that there is none in principle. "A limitation of this section (concerning sham answers) by the Courts to affirmative answers and defenses would, to a great extent, frustrate the policy referred to, and allow of great abuses in pleading, and improper and injurious delays of justice." The case of *Butterfield* v. *Macumber*, 22 How. Pr. 150, and other New York cases, are to the same effect.

But the more recent case of *Wayland* v. *Tysen*, 45 N. Y. 281, lays down a different rule. In that case, Grover, J., delivering the opinion of the Court of Appeals (which opinion was concurred in by all the judges), says: "Under the common-law system, the general issue could not be struck out as sham, although shown by affidavits to be false." (*Broome Co. Bank* v. *Lewis*, 18 Wend. 565.) This was not upon the ground that a false plea was not sham. That was always so regarded; but upon the ground that a party making a demand against another through legal proceedings was required to show his right by common-law evidence, and that *ex parte* affidavits were not such evidence. The Court, under that system, exercised the power of striking out pleas setting up affirmative defenses as sham, when shown by affidavits to be false, but not when the party *verified such plea by affidavit.* It has been claimed, and the claim somewhat sanctioned by the Supreme Court, that these rules have been changed by § 152 of the Code. (It is now

§ 538.) That by this, all distinctions in striking out answers between such as merely deny the allegations of the complaint, either generally or specifically, and those setting up affirmative defenses, have been abolished. This question must be regarded as original in this Court, notwithstanding the claim that this construction was adopted in *The People* v. *McCumber*. A close examination of this case shows that this question was not involved. It is true, that an opinion sustaining the construction contended for was given by Strong, J.; but the case shows that Judges Denio and Harris dissented from this opinion. * * * This case cannot, therefore, be regarded as an authority for the construction insisted upon. The section in question simply confers power upon the Court to strike out sham and irrelevant answers and defenses. This power the Court, as we have seen, *possessed and exercised under the pre-existing laws.* * * * I think that, by a true construction of the section, the power of the Court to strike out pleadings *was not extended* beyond what it was under the pre-existing law. That, as we have seen, extended only to such *affirmative* defenses *as were not verified* by the oath of defendant or other equivalent evidence. It may be said, that a motion to strike out a pleading is not the trial of an issue joined thereby. This is literally true; but in substance, the difference is scarcely perceptible. It calls for a determination whether the pleading be true or false; and if found false, and struck out, the defendant is as effectually deprived of any benefit therefrom as if found false upon a verdict, although he can derive no benefit from a failure to find it false, for the plaintiff will still be entitled to a trial of the issue. It will thus be seen that all the plaintiff hazards by the motion is the costs. * * * If the defendant commits perjury in veryifying the answer, as he must have done in this case, if he knew the allegations of the complaint were true, he ought to be prosecuted therefor. If plaintiffs, who complain of injury from delay by the fraudulent interposition of false answers, would perform the duty incumbent upon every good citizen to prosecute those known to be guilty of perjury, they would effectually stop such an abuse. I am satisfied that the intention of the Legislature, in enacting the section of the Code under consideration, was not to confer any new power upon the Court, but to give legislative

sanction to that exercised under the existing law." The authority of this case was followed by the same Court in the case of *The Farmers' National Bank of Fort Edward* v. *Warren Leland et al.* 50 N. Y. 673. The following is that case:

"The action was upon a promissory note alleged to have been transferred to plaintiff for value before maturity. Defendants denied the transfer, upon information and belief, and alleged, if transferred, it was after maturity; and set up, as *recoupment*, damages for breach of contract upon which the note was given. The motion to strike out the answer was made upon affidavits showing the transfer of the note before maturity, for a valuable consideration, without notice. The order appealed from was reversed, upon the authority of *Wayland* v. *Tysen*, 45 N. Y. 281, and *Thompson* v. *Erie R. R. Co.* id. 468."

The latest New York case we have been able to find on this question is that of *Roby et al.* v. *Halleck*, 55 How. Pr. 412, decided August Term, 1878. This was an action on a promissory note, the plaintiff suing as indorsee. The answer contained a denial of any knowledge or information sufficient to form a belief whether the note stated in the complaint was ever transferred or indorsed to plaintiffs, as alleged in said complaint, or otherwise. The Court held, that it had no power to strike out the answer as sham.

In the case now under consideration, the answer denied that there was any consideration for the note; and also denied, on information and belief, that the payee indorsed the same to the plaintiffs or any other person, for value; and also denied that plaintiffs ever paid anything for the note. Mr. Wait, in his work on Practice (vol. 2, p. 492), says: "It may well be doubted, if, under the construction given to § 152 of the Code by the Court of Appeals, the Court has the power to strike out as sham any pleading other than an *unverified* affirmative defense." In the case of *Gostorfs* v. *Taaffe et al.* 18 Cal. 385, the Court says: "If the defense be *bona fide*, the affidavit of the defendant to that effect will be a sufficient answer to any attempt to strike it out."

In our opinion, the remarks of the Court of Appeals of New York, in the case of *Wayland* v. *Tysen*, are eminently sound and conclusive. The plaintiff moves the Court to strike out the

answer, and if the motion is denied, he is simply required to pay the costs; but if his motion prevails, the effect is the same as a trial and verdict against the defendant. It is a harsh rule that operates so unequally. The defendant in this case set up matters which, if true, constituted a good defense to plaintiffs' action, and he swore that he believed them to be true. We think that he was entitled to have the issues made by him tried by a jury. If there had been a jury trial upon such issues, and a verdict rendered in defendant's favor *upon his uncontradicted evidence*, this Court would not disturb the verdict.

We are of the opinion the Court below erred in striking out as sham the verified answer of the defendant, and the judgment must therefore be reversed. So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.