[No. 7,208.—Department Two.]

## C. O. LYBECKER ET AL. v. EDWARD MURRAY.

STRIKING OUT ANSWER—SHAM AND IRRELEVANT ANSWER.—An answer, though unverified, containing denials of material allegations of the complaint, can not be stricken out as sham and irrelevant.

ID.—ID.—SERVICE OF ANSWER—DISCRETION OF COURT.—Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion governed by legal rules to do justice according to law or to the analogies'of the law, as near as may be. It must be exercised within the limitations above stated to promote substantial justice in the case. *Held*, accordingly, that it was error in the Court to strike out an answer filed in time, but not served until two days afterwards.

APPEAL from a judgment for the plaintiff and an order refusing to vacate the judgment, in the Superior Court of Sutter County. KEYSER, J.

*Creed Haymond*, for Appellants.

The answer contained specific denials of material allegations in the complaint, and can not be treated as sham. (*Fay* v. *Cobb*, 51 Cal. 315.)

*J. H. Craddock*, for Respondent.

It was within the power and discretion of the Court below

to strike out, or disregard the defendant's answer upon the ground that the answer had not been served. (Code Civ. Proc., §§ 465, 1010, 1011; *Bowers* v. *Dickerson*, 18 Cal. 420; *Oliphant* v. *Whitney*, 34 id. 25); and upon the ground that it was sham and irrelevant.

Thornton, J.:

This was an action brought in the Superior Court for the County of Sutter, to recover damages for the conversion of a quantity of wool.

When the cause came on to be heard the plaintiffs moved the Court to strike out the paper on file purporting to be the answer of the defendant, which motion was granted. The Court then ordered judgment in favor of plaintiffs for the amount demanded in the complaint.

The motion above mentioned was made and granted on the 10th day of April, 1880. No one appeared to oppose this motion, although due notice of it had been given as required by law.

On the 22d day of the same month, the defendant moved the Court, after due notice, to set aside the default and judgment against him on the ground that the same was taken against him through his inadvertence, surprise, and excusable neglect. This motion was made on the papers on file in the cause, on the answer stricken out, and on an affidavit of defendant's attorney. The motion was denied. The defendant prosecuted this appeal from the judgment and from the order refusing to set it aside.

It appears from the bill of exceptions that the complaint was served on the defendant on the 28th day of January, 1880, in the County of Sacramento, that thereafter defendant's attorney prepared an answer and forwarded it to the Clerk of the Superior Court for Sutter County, with a request that the Clerk would file it, and serve a copy of it on the attorney for the plaintiffs, that the answer was received by the Clerk after 6 o'clock on the evening of the 8th day of March, 1880, and on the same evening he filed it, that on the next day the Clerk served the answer on plaintiff's attorney by leaving a copy thereof at his residence in Yuba City, with his minor daughter, aged ten years, the attorney not being

personally found, and having no office in the County of Sutter; that this was the only service made or attempted to be made, and plaintiffs' attorney did not receive or know of the existence of the answer until the next day, and at no time had the attorney for plaintiffs been absent from his office or residence so that service of papers could not have been made upon him in any of the modes provided by law. It appears from the bill of exceptions that the office of the plaintiffs' attorney was at No. 58 D Street, Marysville.

The answer which was' stricken out appears in the bill of exceptions, and by it the defendant denies that at any time the plaintiffs or either of them were the owners or entitled to the possession of the wool described in the complaint, or that the same was of any greater value than three hundred dollars, and also denies that he unlawfully or against the will of plaintiffs, ever converted or disposed of the said wool or of any part thereof, to the damage of the plaintiffs or of either of them, in any sum whatever.

The defendant then proceeds to aver as a defense, that in a former action brought by him against plaintiffs in the District Court of Tehama County, the same matters had been litigated and determined against him and in favor of defendants therein, and that the judgment in that action had been fully satisfied.

The motion to strike out, as appears from the notice, was made on the grounds : First, that the denials and averments contained in the paper, purporting to be an answer, are sham and irrelevant; and, secondly, that the said paper was not served within the time or in the manner prescribed by law or at all, upon either the plaintiffs or their attorney.

The first ground is disposed of by the case of *Greenbaum* v. *Turrill,* 57 Cal. 285. The answer under any view that can be taken of it, denies a most material averment of the complaint, that the plaintiffs were the owners and entitled to the possession of the wool, for the conversion of which the action is brought, and also denies a further material averment as to the value of the wool, which was alleged by the complaint to be of the value of two thousand five hundred dollars. This is denied to be of any greater value than three hundred dollars. We say nothing as to the other portions of the answer, but the issues joined by the denials

above mentioned could not be tried on affidavits, but only in the regular mode. (See opinion in case above cited.) The answer should not have been stricken out on this ground within the decision referred to, which we approve.

As to the other ground, the answer was on file within the proper time. The defendant had forty days to appear and answer in this cause under the Code of Civil Procedure, as it then stood. (§ 407.) The answer was filed on the fortieth day—the year 1880 being leap year. The answer was not served in time, nor does it appear that the attempted service was made in the mode prescribed by the statute. (Code Civ. Proc., § 1011.) But it actually came to the possession of the attorney for plaintiffs on the 10th day of March, 1880, the forty-second day after the complaint was served, and it was left at his residence on the previous day, with a member of his family.

The question then is, was it within the exercise of a proper discretion by the Court to strike out an answer under the circumstances above stated? Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by legal rules, to do justice according to law or to the analogies of the law, as near as may be. This is the rule as laid down and well stated in *Ex parte Hoge,* 48 Cal. 5, as also in *Ex parte Marks,* 49 id. 681. It must be exercised within the limitations above stated to promote substantial justice in the case. How can it be said that where an answer otherwise unobjectionable is filed in time, though not served until two days after the time, that it is promotive of justice within any rule or analogy of the law, to strike it out and order judgment by default? We can not perceive that it is. It does not appear that any one was harmed by a failure to serve within the time fixed by law, especially when it appears, as it does here, that the plaintiffs' attorney had the copy of the answer in his possession one month before the motion to strike out was made. We think the Court erred in striking out the answer, and for this the judgment must be reversed and the cause remanded, to be proceeded with according to law.

In the brief filed by the attorney for respondents, the further point is made that the answer was not verified. But as

the motion to strike out was not made on this ground, nor is it within either of the grounds stated in the notice of motion, we do not think that the point is before us for decision. We therefore say nothing further than this, that if it was before us, we should pause long ere we held the point well taken.

Some stress seems to be laid by the attorney for plaintiffs on the fact that defendant's attorney did not appear to resist the motion to strike out the answer. We can not see that this warranted the course pursued in striking out the answer and rendering judgment by default. An answer was in by which issues were joined. The cause being in this condition, the Court might have proceeded to try the cause in the regular mode, in the absence of the defendant, or ·any one to represent him. The judgment must in such case have been rendered after trial, on the merits. (Code Civ. Proc., §§ 581, 582.) And of course, if the merits were with the defendant, judgment must have passed in his favor. The error is none the less an error, because the defendant was not present when it was committed.

As the foregoing brings us to the conclusion that the cause must go back for a new trial, it is unnecessary to say anything on the other points discussed.

Judgment and order reversed.

SHARPSTEIN, J., MYRICK, J., and MORRISON, C. J., concurred.