MARC A. UPTON ET AL. v. THOMAS C. KENNEDY.

FILED JANUARY 4, 1893. No. 4859.

1. **Sham Pleadings:** GENERAL DENIAL. Where the answer to a petition is a general denial and it appears from the pleadings themselves that it is false it may be stricken from the files as sham.

2. ———: ———: AFFIDAVITS. Where a general denial is sufficient in form and there is nothing on the face of pleadings to show that it is false the court will not enter into an examination of the merits of the defense upon affidavits.

ERROR from the district court of Douglas county. Tried below before WAKELEY, J.

*De France & Richardson,* for plaintiffs in error.

*Wharton & Baird, contra.*

MAXWELL, CH. J.

On the 17th day of April, 1889, the defendant, M. A. Upton, executed a promissory note for $800 to Chittenden, and to secure the payment of the same Upton and wife executed a mortgage upon lot 20, block 3, in Brown Park addition to South Omaha; also on said date he executed a second note to Chittenden for $800, and to secure the payment of the same he and his wife executed a mortgage upon lots 13 and 14, in block 6, in said addition. On the same date as the first and second notes Upton executed a third note to Chittenden for $800, and to secure the payment of the same he and his wife executed a mortgage to Chittenden on lot 22, in block 3, in the aforesaid addition. Chittenden assigned the mortgages to the plaintiff, and default having been made, an action was brought to foreclose the same. To the petition so filed the defendants, Upton and wife, filed an answer, as follows: " Come now M. A. Upton and Mary A. Upton, defendants, and for their separate answer to the petition of the plaintiff herein they deny each and every allegation in said petition contained." This was duly verified. The plaintiff thereupon filed a motion as follows: " Now comes the plaintiff and moves the court to strike the answer of M. A. Upton and Mary A. Upton from the files of this court, because the same is sham and frivolous, and bases

this motion on the affidavits herewith filed and the original
mortgage selected (executed) by the defendants, Marc A.
Upton and Mary A. Upton, together with his notes se-
cured thereby." This motion is supported by these affida-
vits, in substance, that each of the affiants had had a con-
versation with Marc A. Upton, and that he had admitted
that the notes were genuine, and impliedly that he would
pay the same as soon as he could. On the hearing of
the motion the judge interrogated the attorneys in the
case if they intended to dispute the genuineness of the
notes, and they informed the judge that they did not, but
insisted that they were entitled to make any defense avail-
able under a general denial. The court, however, sustained
the motion and struck the answer from the files, as sham,
and the plaintiff took a decree of foreclosure and sale by
default. The sole question is the ruling of the court on
the motion.

A sham pleading is defined as one which is good in form
but false in fact. (Bliss, Code Pl., sec. 422; Maxw., Code
Pl., 553.) The codes of Colorado, Indiana, Iowa, Ken-
tucky, New York, North Carolina, South Carolina, and
Wisconsin contain provisions for striking out sham an-
swers or defenses. The subject is not named in the other
code states, but as the power existed at common law it is no
doubt retained under the code. An examination of the
cases will show a direct conflict in the decisions as to what
answers will be stricken out as sham. The better rule
seems to be to treat all answers which are false on their face
as shams. Thus, suppose the maker of a note or other in-
strument sued or should, in the verification of his answer,
swear that he had no knowledge, information, or belief as
to the genuineness of the instrument and, therefore, denied
the same. In such case the answer would be false on its
face, because the alleged maker must have known whether
the instrument was true or false. So if it appears that he
had knowledge from public records, it is his duty to ex-

amine the same and frame his answer accordingly. But unless these facts appear on the face of the record the court will not enter into an investigation of the .facts upon affidavits to determine the *bona fides* of the defense. And particularly is this true where the answer, as in this case, is verified. (*Wayland v. Tysen*, 45 N. Y., 281; Pom. Rem., sec. 685 ; Maxw., Code Pl., 554.) Affidavits are a very imperfect mode of presenting testimony to a court. There being no cross-examination, if skillfully drawn, they may cover up or distort the truth so as to present the facts in a false light. In *Scofield v. State National Bank*, 9 Neb., 316, this court held that where the answer raises issues of fact apparently in good faith, the court would not strike it from the files as being untrue. The rule established in that case is the true one, we think, and will be adhered to. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.