## LORANGER v. BIG MISSOURI MINING CO.

1. A verified, unqualified denial of material facts, such as the defendant is allowed to deny, raises an issue of fact, which either party is entitled to have tried by a jury, and it will ordinarily be error to strike out such answer as sham.

2. Assuming, without deciding, that there may be cases in which the falsity of a verified denial may be so clearly proved as to justify the trial court in striking it out as sham, such case is not presented by the single affidavit of the plaintiff, denying the truthfulness of such denial.

3. A verified answer, which is equivalent to a general denial, though not such in form, is subject to the same rule, and ought not to be stricken out as sham upon the affidavit of the plaintiff, showing *prima facie* that it is untrue.

(Syllabus by the Court. Opinion filed Jan. 12, 1895.)

Appeal from circuit court, Lawrence county. Hon. CHARLES M. THOMAS, Judge.

Action to recover for goods sold and delivered. From a judgment entered in favor of plaintiff, after striking out defendant's answer as sham, defendant appeals. Reversed.

The facts are stated in the opinion.

*Frawley & Laffey,* for appellant.

At common law, under the general issue, the law gave the parties the right to have the disputed facts tried by jury, and also required of the plaintiff to establish by common law evidence all of the material facts necessary to show his right to a recovery. Broome v. Lewis, 18 Wend. 565; Wyland v. Tysen,

45 N. Y. 281; Fay v. Cobb, 51 Cal. 315; Lybecker v. Murray, 58 Cal. 186. A defense which does not set up new or affirmative matter, such as a general or special denial, could not be stricken out as sham though shown to be false in fact. Wayland v. Tysen, 45 N. Y. 281; Robert v. Inman, 5 N. Y. 457; Thompson v. Railroad, 45 N. Y. 468. A general or specific denial which raises a material issue cannot be stricken out as sham. Wood v. Sutton, 12 Wend 234; Bank v. Smith, 15 How. Pr. 329; Bank v. Laland, 50 N. Y. 673; Roby v. Halleck, 55 How. Pr. 472; Greenbann v. Turrill, 57 Id. 285.

*Martin & Mason.* for respondent.

A denial of a material allegation of the complaint can be stricken out as sham. Samuel Cuppers v. Jansen, 28 N. W. 193; Nelson v. Richardson, 31 Minn. 267; Dobson v. Hollowell, 54 N. W. 939. Applications to set aside judgments should be accompanied by an affidavit of merits and are left to the sound judicial discretion of the court. Grenold v. Lee, 47 N. W. 955; Gauther v. Rucicka, 53 N. W. 80.

KELLAM, J.    This is an appeal from a judgment rendered by the circuit court of Lawrence county against the appellant, as defendant, after striking out its answer as sham. The complaint states the cause of action as follows: "(2) That this plaintiff furnished to the defendant, at its request, during the month of July, 1893, certain mining timbers, to the amount and value of four hundred ninty-nine dollars and ninty-six cents, for which defendant promised and agreed to pay said sum on August 10, 1893. (3) That plaintiff furnished to the defendant, at its request, during the month of August, 1893, certain mining timbers, to the amount and value of one hundred and fifteen dollars and ninety-seven cents, for which defendant promised and agreed to pay said sum on September 10, 1893; that no part thereof has been paid." The defendant, answering, "denies that during the months of July and August, 1893, it purchased or received, or agreed to purchase or receive, any

mining timbers or lagging from the plaintiff herein, or at any time subsequent thereto. Defendant further alleges that prior to July 1, 1893, it purchased and received from plaintiff certain mining timbers and lagging, but that for such timbers so pur-chased and received by it the said plaintiff has, prior to the commencement of this action, been fully paid therefor by this defendant." This answer was verified. Afterwards, on motion of plaintiff, and upon his affidavit purporting to narrate the facts concerning the agreement between the parties, and the delivery of the timbers under it, the court struck out defend-ant's answer as sham, and gave the plaintiff judgment as asked in his complaint.

Appellant contends that the answer was in effect a general denial of the material allegations of the complaint, and, as such, it could not be stricken out as sham. Such was the holding of the territorial supreme court in Wooden-Ware Co. v. Jensen, 4 Dak. 149, 27 N. W. 206, and 28 N. W. 193. Although there are authorities holding otherwise, it seems to us that such rule should prevail where the answer is a verified, unquailified denial of material facts, which the defendant is allowed to deny. Where the pleadings present a clean-cut issue of fact, upon which the case must turn, it does not seem to be within the plan or scope of the old procedure, or the new, to compel either party to submit the trial of such issue to the court without a jury, upon *ex parte* affidavits. If a plaintiff ought to be entitled to a judgment against a defendant when he can satisfy the court, without a jury, by *ex parte* affidavits, that the defendant's an swer, good in form, is in fact untrue, it would seem to follow that a defendant who can by *ex parte* affidavits, make it appear to the court that the plaintiff's complaint, though stating a cause of action against him, is untrue in fact, ought to have a summary judgment of dismissal of the action, and for costs. There does not seem to be any good reason for discrimination between the parties. It does not, however, seem to be the plan of our jurisprudence to thus compel the submission of issues of

fact to the decision of the court upon *ex parte* testimony, and without a jury. It is said that in such cases the court does not decide the question of fact, but only that the denial is false in fact, and that consequently there is no issue of fact. But this is all a jury does. A. sues B., alleging that he made him a promissory note, upon which he seeks to recover. B. denies that he made it. According as the jury finds this denial true or false, it renders its verdict. It may have no hestitation in finding the denial untrue. If so, has there been no issue of fact tried? "An issue of fact arises upon a material allegation of the complaint controverted by the answer." Comp. Laws, Sec. 5029. We are satisfied that the weight of later authority is against the striking out of a verified general or specific denial of a material allegation of a complaint. See Wayland v. Tysen, 45 N. Y. 281; Bank v. Inman (Sup.) 5 N. Y. Supp. 457; Roby v. Hallock, 55 How. Pr. 412; Fay v. Cobb, 51 Cal. 313; Greenbaum v. Turrill, 57 Cal. 285.

The answer in this case was not, in form, a general or specific denial. We think the court below was excusable in looking upon it with suspicion. If the facts stated are true, the answer should have been a general denial. But we think it states facts which are the same, in legal effect, as a denial of the allegations of the complaint. It alleges that prior to July 1, 1893, defendant had purchased and received from plaintiff certain mining timbers, but had fully paid therefor before the commencement of this suit. It then denies that during the months of July and August, or at any time subsequent thereto, it purchased or received, or agreed to purchase or receive, any mining timbers, etc. Without a very hypercritical reading of the answer, we think it would be understood to mean that prior to July 1st the defendant bought mining timbers of plaintiff, and fully paid therefor, and that it had bought or received none since. This, if true, would constitute a good defense to plaintiff's action. If, upon a trial before a jury, defendant had

sworn to these facts, and had been uncontradicted, he would have been entitled to a verdict. If contradicted, there would have been a conflict of evidence, and a question for the jury. By verifying the answer, he did swear they were true, to the best of his knowledge and belief. Under such circumstances, the answer being apparently an artless and candid statement of the facts, supported by the oath of the defendant, it would seem a questionable, if not dangerous, practice, to allow the court to condemn the answer as sham and false, and summarily enter judgment against defendant on the affidavit of the plain· tiff to facts, even though they very strongly tended to show the answer to be untrue. Without now going to the extent of saying that under no circumstances can a general or specific denial be stricken out as sham, we are clearly of the opinion that it should not have been done in this case. Under the law, as provided for the guidance of the courts, either party is entitled to the verdict of a jury upon a real issue of fact. An apparent issue raised by a sham answer is an abuse of judicial procedure and will not be permitted to embarrass the administration of justice. The evidence that an answer is sham will generally be found in the answer. Such an answer often carries its own condemnation upon its face, as in the case of a denial of knowledge or information sufficient to form a belief as to a matter, the truthfulness of which must, in the nature of things, be known to the party so pleading; but generally a verified, substantial denial of one or more material allegations of a complaint cannot be safely set aside upon the unsupported affidavit of the plaintiff, showing *prima facie* that the statements of the answer are untrue. For the reasons stated, we are unable to approve the action of the circuit court in striking out defendant's answer as sham, and rendering judgment for plaintiff. Such judgment is reversed, and the cause remanded for further proceedings according to law. All the judges concur.