### SCHNITZER v. SCHAEFER et al.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

PLEADING—SHAM OR FRIVOLOUS DEFENSE.

It is not a sham or frivolous defense to set up in an action on renewal notes. that the original notes were usurious.

Appeal from special term, New York county.

Action by Hyman Schnitzer against Philip Schaefer and others to foreclose a mortgage. From an order striking out the answer as sham, and directing the verdict demanded in the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Gibson Putzel, for appellants.
Charles G. F. Wahle, for respondent.

INGRAHAM, J. The action was brought to foreclose a mortgage given to secure the payment of three certain promissory notes made by the defendants Schaefer and indorsed by the defendant Kurrus. The answer, in substance, admits the making of the notes, and the giving of the mortgage, denies the allegation of indebtedness, and sets up as an affirmative defense that the notes in suit were given in renewal of certain other notes made by one Rieser and indorsed by defendants Schaefer, and that such indorsement was made by defendants Schaefer under their firm name solely for the accommodation of said Rieser; that the money represented by said notes was loaned and advanced to said Rieser, and said notes so indorsed were delivered, the said plaintiff reserving and taking for and to himself from each sum so loaned a sum equal to 12 per cent. of the amount thereof; that the said notes to secure which the mortgage in suit was given were the balance due upon the existing notes, and were given in furtherance of the unlawful agreement by which the plaintiff reserved to himself interest at a greater rate than 6 per cent. The plaintiff in this action obtained an order to show cause why this answer should not be stricken out as sham, and why judgment should not be ordered for the plaintiff herein. The court granted that motion, and the defendants appealed. The question whether or not the original notes given by Rieser to the plaintiff and indorsed by the defendants Schaefer were void for usury was a question of fact which should not have been tried upon affidavit. The plaintiff, it is true, denies the usury. The defendants Schaefer and Kurrus, by affidavit in opposition to the motion, affirm the truth of the allegations in the answer, which was verified, as to the usury in the original notes. In this case the defendants Schaefer and Rieser positively

swear that the allegations of the answer are true, and thus the court is trying the truth of this defense upon affidavit; one witness swearing that the facts alleged in the answer are false, and two witnesses swearing that they are true. The court below seemed to have acted in this case upon the assumption that the defense of usury is not available upon renewal notes, and has stricken out the answer as sham upon that ground. We think, however, that that question should have been presented either by demurring to the answer or by bringing the case on for trial; and that this defense was not so clearly frivolous as to have justified the court in granting the plaintiff judgment upon the pleading if a motion had been made for judgment on the ground that the defense interposed was frivolous. Considerable doubt has been expressed as to the power of the court to strike out any defense interposed in a verified answer as sham. It is clear, however, that to justify the court in granting an application to strike out a defense set up in a verified answer it must clearly appear that the defense is sham. A defense is sham, within the legal meaning of the term, which is so clearly false in fact that it does not in reality involve any matter of substantial litigation. Thompson v. Railroad Co., 45 N. Y. 471. It was held in that case that the rule which is applicable to an action at law is also applicable to an action in equity; and also that an allegation in an answer that may not involve any matter of substantial litigation, if it is not false or sham within this definition, cannot be stricken out on a motion to strike out a defense as sham. We express no opinion upon the question as to whether or not this defense is available in an action upon the renewal notes, but simply hold that the defense is not sham, within the legal meaning of the term, and is not so clearly frivolous as to justify the court in granting judgment upon the pleadings.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, to abide the event of the action. All concur.