Argued 18 June, decided 16 July, 1907.

## PACIFIC MILL CO. *v.* INMAN.

90 Pac. 1099.

PLEADING—AMENDMENT—DISCRETION OF COURT.

1. The allowance of amendments to pleadings is largely within the discretion of the trial court.

AMENDMENTS—SUFFICIENCY OF NOT A TEST FOR FILING.

2. The right to file an amended pleading does not depend on whether it is good as against a demurrer or a motion to strike, for if it sets up a new defense or cause of action, or a former one more completely, or remedies any other defects, it is sufficient, and the amendment on being allowed is subject to the same tests as an original pleading.

TESTING PLEADINGS BY AFFIDAVIT.

3. Under Section 76, B. & C. Comp., providing that sham answers may be stricken on motion, etc., the court will not determine on affidavits whether a pleading is sham, where it is verified.

CONTINUANCE—DISCRETION OF COURT.

4. *The granting or refusing an application for continuance is discretionary* with the trial court.

APPEAL FROM ORDER GRANTING CONTINUANCE.

5. Rulings on applications for continuances do not involve the merits, or necessarily affect the judgment, within Section 557, B. & C. Comp., providing that on an appeal the court will review only such interlocutory orders as involve the merits or necessarily affect the judgment.

AMENDMENTS—CONTINUANCES—CONDITIONS ON GRANTING.

6. Where a party has not incurred expense in preparation for trial, the court in granting a continuance on the motion of the adverse party may determine in its discretion whether terms shall be imposed.

APPEAL—LAW OF THE CASE.

7. Where, on the second trial of a case, the issues have been changed, and much evidence admitted on the former trial has been excluded on the second, the decision of the supreme court on appeal from the judgment on the former trial is not the law of the case on a second appeal: *Stager* v. *Troy Laundry Co.* 41 Or. 141, distinguished.

CONTRACT—ACTION FOR BREACH—ISSUE—ABATEMENT.                    •

8. Where, in an action for breach of a contract whereby plaintiff agreed to increase its capital stock and defendant agreed to buy a part thereof, the complaint alleges the issuance of the increased stock and the tender of a certificate of a part thereof to defendant, and the answer denies the allegations, the question of the validity of the increase of the stock is one of the very things in dispute and not a matter to be pleaded in abatement.

CORPORATIONS—UNAUTHORIZED INCREASE OF STOCK—RATIFICATION.

9. Where directors of a corporation have attempted without authority to increase the capital stock, or where the stockholders in an irregular manner have attempted to do so, such action may be ratified by the corporation.

CONTRACTS—APPLICATION OF DOCTRINE OF RATIFICATION.

10. The doctrine of ratification operates only against the principal to a contract by way of estoppel, and applies solely to contracts that have been executed by the party asserting ratification.                    •

CONTRACTS—CREATING A LIABILITY BY RATIFICATION.

11. A party to an executory contract cannot by a ratification of a void act create a liability in its favor against the other party to the contract, since before the ratification the contract was not mutual.

PLEADING—MOTION FOR JUDGMENT.

12. Where a material issue is tendered by a denial of the allegations of the complaint, a motion for judgment in favor of plaintiff is properly denied.

APPEAL—QUESTIONS REVIEWABLE—IMMATERIAL QUESTIONS.              •

13. Where, in an action for breach of contract, the court has properly granted a motion for judgment of nonsuit, questions as to the admissibility of evidence touching claims for damages are immaterial.    .

From Multnomah:   JOHN B. CLELAND, Judge.

Statement by Mr. Justice Eakin.

This is the second appeal in this action, the opinion on the former hearing being reported in 46 Or. 352 (80 Pac. 424). The action was commenced April 10, 1902, by the Pacific Mill Co. Ltd., against Inman, Poulsen & Co. to recover damages for the breach of a contract. Plaintiff is a Hawaiian corporation and defendant an Oregon corporation engaged in the manufacture of lumber. On August 3, 1901, defendant entered into a contract with plaintiff, whereby plaintiff agreed to increase its capital stock from $12,000 to $50,000, and to secure subscriptions for $23,000 of such increase, to be paid in four months, and defendant undertook to purchase $15,000 worth of such increase, to be paid in lumber, plaintiff thereafter to deal in lumber in Hawaii to be furnished by defendant. The said contract is set out in full in the opinion in the former case, and it is not necessary for this decision to set it out at length. Defendant refused to ship lumber to plaintiff, or to pay for said stock, and plaintiff seeks to recover for the breach of such contract, and alleges various items of damage. On September 18, 1905, defendant asked permission to file an amended answer, which on October 27th was granted, and on November 1, 1905, defendant made an application for a continuance of the trial of said case, which was granted, and it was set for January 15, 1906. Thereafter, on February 24, 1906, defendant again made application for a continuance, which was granted, and the case set for June 7, 1906, and the trial was commenced on that date. At the close of plaintiff's testimony defendant moved the court for nonsuit, upon the ground that plaintiff had failed to prove that it had increased its capital stock from $12,000 to $50,000, as required by the terms of the contract, which motion was allowed. Plaintiff at the same time moved for judgment in its favor upon the pleadings, which motion was denied. No evidence was offered by plaintiff at the trial with a view to directly prove the action of plaintiff in increasing its capital stock, or a formal ratification thereof, and that question is left to such inferences as may be drawn from the fact of an

overissue of stock and the action of the corporate officers in receiving payments upon the sale thereof.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Ralph Roloefson Duniway.*

For respondent there was a brief over the names of *Cake & Cake* and *John T. McKee,* with an oral argument by *Mr. Harry M. Cake.*

Opinion by MR. JUSTICE EAKIN.

1. Plaintiff assigns as error the ruling of the court below in granting defendant permission to amend its answer. The allowance of amendments is largely in the discretion of the trial court, and we find nothing in this case that indicates any abuse of discretion, nor does it appear that plaintiff was prejudiced thereby.

2. The right to file an amended pleading does not depend upon whether it is wholly invulnerable to a demurrer or motion to strike out. If it sets up a new defense or a former one more complete, or remedies any other defect, it is sufficient, and this will be determined by an inspection of the pleadings. In permitting an amendment the court does not so pass on its sufficiency as to preclude a demurrer or motion to test its form or substance, but it is subject to such tests, thereafter, the same as an original pleading.

3. Neither will the court determine upon affidavit whether such amended pleading is sham. To try out upon affidavit the truth of the amended pleading would be to usurp the province of the jury, and in fact determine the merits by affidavit. Whether, under Section 76, B. & C. Comp., a pleading is sham, must be determined from the pleading itself, or from the whole record: *Greenbaum* v. *Turrill,* 57 Cal. 285. The authorities are not uniform upon this question, but we think that under a statute like ours, and where the pleading is verified by affidavit, the safer and better rule is that the truth or falsity of the amended pleading must be determined from the record and cannot be tried out upon affidavit when making up the

issues: *Schnitzer* v. *Schaeffer,* 10 App. Div. 173 (41 N. Y. Supp. 908) ; *Pfister* v. *Wells,* 92 Wis. 171 (65 N. W. 1041) ; *Upton* v. *Kennedy,* 36 Neb. 66 (53 N. W. 1042) ; *Loranger* v. *Big Mo. Min. Co.* 6 S. D. 478 (61 N. W. 686) ; *Gjerstadengen* v. *Hartzell,* 8 N. D. 424 (79 N. W. 872).

4. Plaintiff assigns as error the ruling of the court in granting two continuances upon the application of defendant. The granting of such applications is also in the discretion of the court, especially if the adverse party is not prejudiced thereby, and it is difficult to understand what advantage will result to the plaintiff if this court should reverse the ruling of the trial court thereon.

5. However, Section 557, B. & C. Comp., provides that upon the appeal the court will only review such interlocutory orders of the lower court as involve the merits or necessarily affect the judgment. The ruling upon these motions did not involve the merits or in any manner affect the judgment, and the reversal thereof could not change the status of the case in the lower court when remanded.

6. Sometimes it is a matter of right to an adversary that the court should impose terms as a condition upon which to grant the filing of an amended pleading or a continuance, but nothing is shown here to indicate that plaintiff had incurred expense in preparation for the trial, such as the attendance of witnesses, etc., thus making compensation important. It is a matter of discretion whether the trial court should impose reasonable terms in the absence of such expense. Terms were imposed on the second application. We think the action of the lower court thereon was not reversible error.

7. As to the motion for nonsuit, counsel for plaintiff insists that the question of the *prima facie* sufficiency of plaintiff's evidence is *res judicata,* a former nonsuit having been granted, and the judgment thereon reversed on appeal: 46 Or. 352 (80 Pac. 424). But for the purpose of this argument counsel assumes that it is disclosed in this record that the evidence on this trial is the same as on the former, which assumption

is not justified by the record.  At the former hearing in this court it was conceded that plaintiff introduced evidence tending to prove all the allegations of the complaint, except as to the sufficiency of the stock subscription, and that was the only ground assigned for the nonsuit, while on this trial it is claimed there was no evidence·as to the increase of the capital stock, and that is the assignment for nonsuit now: *Palmer* v. *Publishing Co.* 90 Cal. 168 (27 Pac. 21)... The issues have been changed by an amended answer.  Much evidence that was admitted in the former trial was excluded in this, and the court cannot say that the issues or the evidence are the same as on the former trial.  In the case of *Stager* v. *Troy Laundry Co.* 41 Or. 141 (68 Pac. 405), cited upon this point by plaintiff, it was conceded at the hearing that the evidence was the same in both cases, and therefore is not applicable.

8. Counsel for plaintiff also insists that the question of the increase of the capital stock is not an issue in this case; but it is alleged in the complaint as part performance of the contract, and the certificates are tendered, and such increase is a necessary condition of plaintiff's right to recover the $15,000 as the price of the stock, and this is specifically denied by the answer, thus putting plaintiff upon proof thereof.  And the question of the legality of the increase of the capital stock is not matter in abatement, as claimed by the plaintiff.  By the contract plaintiff agreed to increase the capital stock, and defendant agreed to purchase $15,000 worth of such increase, and this suit is brought to recover that price or damages for the refusal to purchase, and defendant's liability depends on whether plaintiff at that time had 300 shares to deliver and the whole increase valid.  It is the very gist of the cause of action: *Finley Shoe & L. Co.* v. *Kurtz,* 34 Mich. 89.

9. There is no showing in the record of any action by plaintiff with a view to increase its capital stock, and to establish such increase plaintiff relies entirely upon a subsequent ratification by the company of an overissue of such stock by officers of plaintiff.  No formal action was taken for that purpose, but

plaintiff depends wholly upon acquiescence in such overissue of stock and in the fact that its officers received payment on subscription to such overissue as disclosed in the evidence offered to establish the subscription of the $23,000 worth of new stock. Before there can be a ratification of the increase of capital stock it must appear that some effort was made to so increase it, and if such effort was made by the directors without authority or by the stockholders in an irregular manner, or in some way an increase was declared, then ratification may be shown against the company: 4 Thompson, Corporations, § 5293. But the only evidence of such increase here was an overissue of stock by the president and secretary, and it would appear that there was nothing to ratify. What might be the remedy of a purchaser for value of such overissue is not involved here.

10. However, a ratification operates by estoppel against the principal and can only affect executed contracts: 4 Thompson, Corporations, §§ 5285, 5289. That is, where the other party has performed, the ratification may be taken advantage of by him against the corporation: *Pixley* v. *Western P. R. Co.* 33 Cal. 183 (91 Am. Dec. 623); *Foulke* v. *Southern Pac. R. Co.* 51 Cal. 365; 10 Cyc. 1083. To say that a subsequent ratification is equally effective as an original authority, in so far as it might be inferred thereby that it binds both parties, is inaccurate. It is as effective against the principal as an original authority; but there must be maintained a distinction between cases where such ratification is relied upon as a basis of a demand in favor of the principal and one against him: 2 Herman, Estoppel & Res. Jud. § 1213.

11. Although the other party to a contract may rely upon a ratification of an unauthorized act of an agent, on the theory of estoppel, the principal being estopped to deny that there was authority for the act of the agent, yet the principal cannot rely upon such ratification to charge the other party upon a contract that was not before binding upon the principal: *Newton* v. *Bronson*, 13 N. Y. 587 (67 Am. Dec. 89). In this case

the contract is wholly executory on the part of both the contracting parties. Defendant has received nothing and has done nothing that estops it, and plaintiff cannot plead ratification of a void act to create a liability in its own favor: Mechem, Agency, §§ 167, 179; *Atlee* v. *Bartholomew,* 69 Wis. 43 (33 N. W. 110: 5 Am. St. Rep. 103); *Townsend* v. *Corning,* 23 Wend. 435; *Waldo* v. *Chicago,* 14 Wis. 630. Before the other party can be bound upon an executory contract requiring the ratification of the principal he must have agreed to it thereafter. In other words, before the ratification the contract was not mutual, and the principal cannot, thereafter, give it validity by ratification without the consent of the other party. Therefore, in this case, plaintiff can claim, nothing by virtue of a ratification, if one were proven, and there being no evidence of a valid increase of capital stock, plaintiff is not in a position to claim from defendant the value of it or damages for refusal to purchase.

Neither is the existence of a ratification of the increase of the capital stock at the time of defendant's alleged breach of contract here for adjudication. It would have acted at its peril to have paid its money for stock, relying upon its ability to prove a ratification thereafter. In other words, it would have courted a law suit to have done so, and a decision in a suit by it against plaintiff to establish that fact would only affect the particular stock involved and not the actual increase as such. That could only be determined in a suit for that purpose in a court of competent jurisdiction, when all the parties to be affected by it are in court. An adjudication in this case would not be binding upon the other alleged purchasers of such stock, nor upon the plaintiff as to other stock, and the validity of the whole of the $35,000 increase is essential to plaintiff's recovery here.

12. The fact that a material issue is tendered by the denial of the allegation of the increase of plaintiff's capital stock disposes also of the motion for judgment on the pleadings adversely to plaintiff: *Finley Shoe & L. Co.* v. *Kurtz,* 34 Mich. 89.

13. This results in affirming the action of the court in granting the motion for judgment of nonsuit, and therefore it is unnecessary to pass upon the questions raised on the admissibility of evidence touching claims for damages.

The judgment of the lower court is affirmed.    AFFIRMED.