CHARLES FULLER, Plaintiff, *v.* BRADLEY CONTRACTING COMPANY, Defendant.

(Supreme Court, Nassau Trial Term, January, 1917.)

Contracts — performance of — when plaintiff entitled to recover commissions on — evidence.

> Where in a contract for the manufacture and sale of cartridges there were no conditions which were to be performed by the purchaser until defendant for whom plaintiff had secured the contract had actually acquired a certain arms company and had fulfilled all the conditions precedent and actually made and delivered the first installment of cartridges, the complaint in an action to recover commissions for services rendered in securing the contract need not allege that the purchaser was ready, willing and able to perform the contract.

> Where the contract was complete in form and a careful consideration of the evidence clearly indicates that a further contract was not within the contemplation of the parties it must be held that the contract was not a preliminary one though all of its conditions precedent had been performed and that plaintiff who secured the contract was entitled to recover.

> Where defendant sought to comply with all the conditions precedent of its contract, by negotiations principally for obtaining credit upon and financial assistance from the first payment under said contract, and upon its failure to arrange terms which would enable it so to do refused to carry out the contract, plaintiff was entitled to recover his commissions although by the terms of the contract they were to be payable only when received by defendant from the purchaser.

ACTION to recover commissions for services rendered in securing a certain contract.

Nicoll, Anable, Lindsay & Fuller, for plaintiff.

Frederick W. Keating, for defendant.

VAN SICLEN, J.   The above entitled action was brought on for trial before this court at a Trial Term thereof held in the county of Nassau in the month of November, 1916.   After a jury had been impaneled and sworn and the case opened, the jury was waived and the trial proceeded before the court without a jury, the court being empowered to direct a verdict with the same force and effect as though a verdict was rendered by the jury; all upon request and due stipulation of the parties hereto and their attorneys.

This action is brought to recover commissions for services rendered by the plaintiff to, for and in behalf of the defendant in securing for the defendant from the Imperial Russian Government a contract for the manufacture and sale by the defendant to said government of 1,000,000,000 cartridges.   The amount claimed to be due, if any, is not disputed.   The commissions, however, were to become payable only as and when and in proportion as payments were received by the defendant from the purchaser and only to be paid out of the payments under the contract.

The evidence shows that the preliminary negotiations with the Russian Government contemplated the acquisition by the defendant of the Savage Arms Company as a condition precedent to the making of a contract which would be binding on the Russian Government and the defendant fully understanding this on September 29, 1915, entered into an optional agreement with a committee representing the controlling interest of the Savage Arms Company providing for the purchase of a majority of its stock.   This optional agreement mentioned the price of said stock but omitted upon advice of counsel, apparently, to specify the terms of payment.

Fortified with this and other optional agreements, looking toward the compliance with the other condi-

tions precedent, the plaintiff was able to procure for the defendant from the Imperial Russian Government on October 15, 1915, a complete contract which provided that the Imperial Russian Government would purchase from the defendant 1,000,000,000 cartridges at a certain price provided among other things the defendant acquired a controlling interest in the Savage Arms Company. The defendant then proceeded to place itself in a position of compliance with the several conditions precedent and among other things several conferences were had in New York between the defendant and said committee. Apparently, the defendant proposed to obtain actual control of the Savage Arms Company's stock by agreeing to pay the purchase price therefor out of the payments, when made, by the Russian Government on the contract. This did not appear to be acceptable to either the said committee or the Russian Government, the latter of which indicated that the contract of the Savage Arms Company must be bought and paid for before the said contract would become binding. Eventually, the defendant wholly failed to acquire the Savage Arms Company as aforesaid, although it had made itself substantially able to fulfill every other condition precedent required by the contract with the Imperial Russian Government.

It appears, therefore, that upon the execution and delivery of said contract of October fifteenth, with the Imperial Russian Government, all of said conditions having been clearly set forth in the various offers and negotiations by and between the parties and specifically within the intent and contemplation of the parties, the defendant by the execution and delivery of said contract accepted such a contract which had been secured by the plaintiff, as was satisfactory to it, and such a contract as the plaintiff had been requested and

employed by the defendant to procure for it. Indeed no other conclusion can be honestly drawn therefrom when it is considered that theretofore and on September twenty-ninth the defendant had procured the optional agreement for the purchase of the controlling stock of the Savage Arms Company and had on October 4, 1915, executed and delivered to plaintiff an agreement to pay commissions for services rendered by plaintiff in securing the contract which was thereafter executed on October fifteenth. Further, the defendant forecloses any other inference by the letter of October 19, 1915, addressed to the committee representing the Savage Arms Company wherein said committee was notified that the defendant had closed the contract between the defendant and the Imperial Russian Government and thereby exercised its option under the aforesaid agreement with said committee. At this point, it would seem that under the authorities the plaintiff's commissions had been earned by the acceptance by defendant of the Imperial Russian Government contract procured by plaintiff, and by the formal execution and delivery of the contract with said Imperial Russian Government; it remains for the court to inquire into and pass upon the merits of defendant's various defenses which the defendant contends wholly defeat the claim of the plaintiff.

Upon the trial the defendant moved to dismiss the complaint on the ground that said complaint failed to state a cause of action in that it failed to allege and prove readiness, willingness and ability on the part of the Imperial Russian Government to perform. It appears, however, as hereinbefore stated that the plaintiff secured the contract with the Imperial Russian Government which not only was in the contemplation of the parties theretofore, but also was satisfactory to the defendant and which was subsequently

executed and delivered.  Furthermore, the defendant by the optional agreement had with the representatives of the Savage Arms Company fortified itself to meet the conditions contained in the contract with the Imperial Russian Government.  There could be no question as to the readiness, willingness and ability of the Russian Government to perform and the amended answer of the defendant practically so admits.  In addition the same was not questioned in any way upon the trial for the reason that there were no conditions in the contract which were to be performed by the purchaser, the Imperial Russian Government, until the defendant actually acquired the Savage Arms Company and fulfilled the other conditions precedent and actually made and delivered the first installment of cartridges to the Imperial Russian Government.  Therefore, there was no necessity to allege the readiness, willingness and ability of the Imperial Russian Government.

The next question raised by the defendant upon the trial was that the contract of October fifteenth by and between it and the Imperial Russian Government was merely a preliminary one and that it was contemplated that there was to be a further contract after the performance by defendant of the conditions therein referred to.  Upon the trial the defendant absolutely failed to prove that this contention had any merit and said claim is wholly untenable for the reason that the contract was complete in form, and a careful consideration of all the evidence in the case indicates no intention on the part of the parties to execute a further contract, but does indicate clearly that such was not within the contemplation of the parties.  Such conclusion finds full support in *Burnell* v. *Chapman,* 173 App. Div. 108, which case is clearly distinguishable upon other points from the case at bar, for the

reason that in this case the plaintiff represented, and seeks to recover from, the manufacturer and not from the purchaser, and the conditions precedent to be performed under this contract by the defendant manufacturer were such as were clearly within the contemplation of the parties, and this contract was the very contract the plaintiff was employed to secure and which the defendant refused and failed to perform.

Upon the trial the defendant sought to prove that the plaintiff and defendant did not occupy towards each other the relation of agent and principal but were engaged in a common enterprise or venture, and that there was a collateral understanding or agreement to the effect that plaintiff's commission or compensation was dependent upon the performance of the contract between the defendant and the Imperial Russian Government and the success thereof. A review of the evidence fails to show any support for any such collateral understanding or agreement, and the exhibits and pleadings seem conclusive that such alleged defenses are without merit. Likewise defendant's contention that the defendant had been induced to enter into the contract with the Imperial Russian Government and the optional agreement with the Savage Arms Company, by representations of the plaintiff of his ability to finance or obtain financial backing to carry out said agreements or contracts; and the equally inconsistent defense or contention that plaintiff so conducted himself that the defendant was unable to acquire control of the Savage Arms Company, were wholly without merit. It would seem, therefore, that the only limitation of plaintiff's right to the payment of his commissions, as indicated by the parties' written agreement, was that the time of the payment was postponed as therein specified.

In the brief submitted in behalf of the defendant,

defendant's main contention in substance is that the plaintiff's claim is wholly defeated by reason of the fact that the plaintiff did not secure for the defendant a binding contract from the Russian Government; that the plaintiff was obliged to prove before there could be any recovery that he secured a binding and enforcible contract between the defendant and the Imperial Russian Government; that he failed in that there was no covenant expressed or implied on the part of the defendant that obligated it to purchase the Savage Arms Company in order that the defendant's contract with the Russian Government should become effective; and that the optional agreement with the Savage Arms Company is not a valid and enforcible agreement binding the defendant to purchase the Savage Arms Company. The defendant argues that the plaintiff was pledged by his contract with the defendant to procure a binding agreement with the Russian Government, which is the crux of the case, and that he failed. Further that plaintiff's claim for commissions falls because there was no default made by his principal, the defendant, in the performance of any covenant implied or expressed which it was *bound* to perform, though all the advantages were with the defendant. The defendant cites numerous cases to support its contention (*Zorkowski* v. *Astor,* 156 N. Y. 393, and others) which, so far as this court is able to ascertain after a careful examination thereof, fail to sustain, and fall short as authorities to defeat, upon the grounds stated, the plaintiff's claim herein. In this case the plaintiff bases his claim for services rendered upon a final contract such as it was understood and agreed the plaintiff was to secure and such as was acceptable and satisfactory to the defendant and was actually executed and delivered by it. That this contract did not become effective and failed of

performance was due solely to the fault and failure of the defendant for which there is lack of proof that the plaintiff was in anywise responsible.

Finally, it appears clearly that the defendant sought to comply with all the conditions contained in its contract of October fifteenth with the Imperial Russian Government, including the purchase of the Savage Arms Company by negotiations principally for obtaining credit upon and financial assistance from the first payment or deposit under said contract with the Imperial Russian Government and, upon its failure to arrange terms which would enable it so to do, refused and neglected to carry out the contract which the plaintiff secured for it. Under the authorities the plaintiff is entitled to his commissions even though there is a failure of performance, the failure being due entirely to the act and fault of the defendant. *Stone* v. *Argersinger*, 32 App. Div. 208; *Taylor* v. *Enoch Morgan's Sons Co.*, 124 N. Y. 184; *Hixs* v. *Edison El L. Co.*, 10 App. Div. 175; *Gilder* v. *Davis*, 137 N. Y. 505; *Folinsbee* v. *Sawyer*, 8 Misc. Rep. 370; *Kalley* v. *Baker*, 132 N. Y. 1; *Hart* v. *Hoffman*, 44 How. Pr. 168. Plaintiff, therefore, is entitled to a direction of a verdict under the stipulation in his favor for the sum of $400,000, but without interest, the time of payment thereof having by agreement been postponed.

Judgment accordingly.