[No. 4921.]

## PHILIP S. FAY v. M. G. COBB AND WM. H. PATTERSON.

SHAM ANSWER.—Although a general denial to the allegations of the complaint may, if falsely pleaded, be characterized as sham, yet an inquiry in advance of the trial cannot be entertained by the Court as to the good faith of the defendant in pleading it, nor can it be stricken out as sham on an application of the plaintiff.

IDEM.—The defendant has a right by a general denial to put the plaintiff to the proof of his demand.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Action on a promissory note, of which the following is a copy:

"$3000.                    SAN FRANCISCO, August 28, 1874.

"Sixty days after date, without grace, I promise to pay to Wm. H. Patterson or order the sum of three thousand dollars, payable only in gold coin of the government of the United States, for value received, with interest thereon, in like gold coin, at the rate of two per cent. per month from maturity until paid.                    M. G. COBB."

The complaint averred that Cobb delivered the note to Patterson and that Patterson indorsed the same and delivered it to the plaintiff, and that Cobb and Patterson, before the note fell due, indorsed on the back of it the following:

"Demand, protest and notice of non-payment waived. Value received.                    WM. H. PATTERSON,
                    M. G. COBB."

There was an allegation also that when the note became due it was presented to Cobb for payment, and payment demanded of him, which he refused; and that Patterson had notice of this. It was then alleged that the defendants had not paid the note, and that the plaintiff was the owner thereof. The complaint contained a copy of the note, but was not verified.

The answers contained a general denial. The plaintiff gave the defendants notice that he would, on a day named, move the court to strike out the answers as sham, and at the same time served a copy of his affidavit, wherein he stated that he was the owner and holder of the note sued on; that the same had not been paid; and that the answers were false in fact and sham answers, and not interposed in good faith, but for purposes of delay only. This affidavit was subsequently supplemented by another made by plaintiff, which contained a reiteration of the statements of the former affidavit and also of the material allegations of the complaint. The defendants did not file any counter affidavits. The court struck out the answers as sham and rendered judgment for the plaintiff. The defendant, Patterson, appealed.

*Phelan & Le Breton,* for the Appellant.

The general denial in the answer put in issue:

1. The averment of the complaint that the note was not paid. (*Davanay* v. *Eggenhoff,* 43 Cal. 395.)

2. The averment that defendant Patterson indorsed the same.

3. The execution of the instrument relied upon as a waiver of demand, protest and notice of non-payment, and the allegations as to presentment, demand, refusal of payment, and notice of non-payment.

Only affirmative defenses can be stricken out as sham. (*Piercy* v. *Sabin,* 10 Cal. 29; *Idle* v. *Crutch,* 1 Chitty, 524; *Farmers' & Mechanics' Bank* v. *Smith,* 15 How. Pr. R. 329; 14 Barb. 393; 7 How. Pr. 59; *Broome County Bank* v. *Lewis,* 18 Wend. 556.)

It is true that the opinion in *People* v. *McCumber* (18 N. Y. 315), seems to dispute this doctrine; but there the denials themselves were insufficient, as not being positive denials of the allegations of the complaint, but denials of knowledge or information sufficient to form a belief.

*Thomas H. Burke,* for the Respondent.

Section 453 of our Code of Civil Procedure provides:

"Sham and irrelevant answers, and irrelevant and redundant matter inserted in a pleading, may be stricken out, upon such terms as the court may, in its discretion, impose."

In *Piercy* v. *Sabin* (10 Cal. 27), the Supreme Court of California say: "A sham answer is one good in form but false in fact, and not pleaded in good faith."

Are the answers of Cobb and Patterson sham answers? They are "good in form;" but are they "false in fact, and not pleaded in good faith?" (*Gay* v. *Winter,* 34 Cal. 153; *Gastorfs* v. *Taafe,* 18 Cal. 153.)

By the COURT:

The court below struck out the general denial of Patterson as being "sham," and directed judgment to be entered for the plaintiff.

While it is true that a general denial, under the Code, if falsely interposed, or the general issue at common law, if falsely pleaded, may alike be characterized as "sham," neither of these could be disposed of by the Court in a summary way, nor could an inquiry, in advance of the trial, be entertained as to the good faith of defendant in pleading such defenses.

The defendant has the right to put the plaintiff to the proof of his demand, and to require that he establish it by evidence admissible for that purpose. An *ex parte* affidavit is not such evidence. (*Wayland* v. *Tysen,* 45 N. Y. R. 282.)

The order of the court below, in so far as it struck out the general denial of Patterson, is erroneous, and the judgment is reversed and cause remanded. Remittitur forthwith.