## SAMUEL CUPPLES WOODEN WARE CO. v. JENSEN & BLISS.

1.   PRACTICE--STRIKING OUT GENERAL DENIAL.

A verified answer by way of general denial of material allegations of the complaint, cannot be stricken out as sham, upon an affidavit showing it to be false, and an order so striking out the answer is error.

Filed February 9, 1886.

Appeal from the district court of Lawrence county. CHURCH, J.

*McLaughlin & Steele* and *A. W. Hastie*, for appellants.

The court has no power to strike out as sham an answer consisting of a general denial of material allegations of the complaint.   Wayland v. Tysen, 45 N. Y. 281; Thompson v. Erie Railway Co., 45 N. Y. 472; Farmers Nat. Bank v. Leland, 5 N. Y. 673; Grocers Bank v. O'Rourke, 6 Hun. 20; Claflin v. Jaroslanski, 64 Barb. 463; Schultz v. Rodenwald, 1 Abb. N. C. 365; Fay v. Cobb, 51 Cal. 315; Brown v. Lewis, 10 Ind. 232; Bogges v. Davis, 34 Ind. 82; Mooney v. Musser, 34 Ind. 373.

The order is appealable.   Fuller *et al.* v. Claflin, 3 Otto, 16.

*E. W. Martin*, for respondent.

A sham plea is one good in form, but false in fact and not pleaded in good faith.   Piercy v. Sabin, 10 Cal. 22; Gostoof v. Taafe, 18 Id. 386; Struver v. Ins. Co., 9 Abb. Pr. 23; Clark v. Jeffersonville R. R. Co., 44 Ind. 248; Foren v. Dealy, 4 Oregon, 92; Nichol v. Jones, 6 How. Pr. 355.

Such pleas may be stricken out.   Code Civil Proc, § 121; Manufacturers Bank v. Hitchcock *et al.*, 14 How. Pr. 406;

Roome v. Nicholson, 8 Abb. Pr. (N. S.) 343; Hayward v. Grant 13 Minn. 165; Barker v.'Foster, 29 Id. 166; Conklin *et al.* v. Vandervoort, 9 How. Pr. 48; Mier v. Cartledge, 8 Barb. 75; Broome Co. Bank v. Lewis, 18 Wend. 565; Corbet v. Eno, 13 Abb. Pr. 65; Elizabethport Mfg. Co. v. Campbell, 13 Abb. Pr. 86; Lawrence v. Derby, 15 Id. 346, note; Butterfield v. Macomber, 22 How. Pr. 150; Claflin v. Griffin, 8 Bosw. (N. Y.) 689; People v. McCumber, 18 N. Y. 315; Gay v. Winter, 34 Cal. 153; Nelson L. Co. v. Richardson, 31 Minn. 267; Coykendall v. Robinson, 39 N. J. Law, 98; Kay v. Whittaker, 44 N. Y. 565; Beeson v. McConnaha, 12 Ind. 420; Lowe v. Thompson, 86 Ind. 5(3; Belden v. Devoe, 12 Wend. 223.

Truth is essential to a pleading under the code. Derby v. Gallup, 5 Minn. 85; Howard v. Page, 14 Wis. 49; Dole v. Burleigh, 1 Dak. 227.

PALMER, J. The plaintiffs bring this action in the district court to recover of defendants the sum of $308.49, which they allege is due for merchandise sold and delivered. The complaint is in the usual form. The amended answer admitted the copartnership of the defendants as set forth in the complaint, and a general denial of each and every other allegation of the complaint. Thereupon the plaintiff filed its motion to strike out the amended answer as sham; and in support of the motion the attorney for plaintiff filed his affidavit, which he claimed tended to show the falsity of defendants' answer. Upon the pleadings and affidavit the court sustained the motion to strike out the answer as sham, and judgment was rendered for the plaintiff. The defendants bring the case to this court to review that order and the judgment rendered thereon. The answer was verified by defendant Jensen.

I may be permitted to state in passing that some members of the court were of the opinion that the affidavit was insufficient to show the answer to be false; but, assuming it did perform that office, can a verified answer, consisting of a general denial, if shown by affidavit to be false, be stricken out as sham? I think not.

In arriving at this conclusion, I am not unmindful of the

force of various propositions strongly urged by counsel for respondent; that such construction and effect should be given to Section 121 of the Code of Civil Procedure as would compel parties to present real issues; and not allow courts, by false and fictitious pleadings, to become machinery in the hands of dishonest litigants or unscrupulous practitioners to work out injurious delays of justice. Such may occasionally be the result; still there is not such a glaring tendency to such practice as would seem to warrant a departure from the rule which to us seems firmly established in reason and precedent; that under a general denial by the code practice, or general issue under the common law system of pleading, the defendant may require the plaintiff to establish, by proof, all the material facts necessary to show his right to a recovery. And while from the standpoint of morals and professional honor we concur fully with Mr. Justice STRONG in the vigorous language he uses in People v. McCumber, 18 N. Y. 315, still it must be observed that all that was said by that eminent jurist on the subject of general denials was entirely gratuitous, and not in any sense presented by the pleadings in that case; and so far as general denials in an answer are concerned, the views therein expressed have never since that time been considered as law by that eminent court, but quite the reverse.

The question at bar was squarely presented in Wayland v. Tysen, 45 N. Y. Ct. App. 281, and the law there laid down by Mr. Justice GROVER was approved by the same court in Farmers National Bank of Ft. Edward v. Leland, 50 N. Y. 673. The supreme court of California reaches the same conclusion in Fay v. Cobb, 51 Cal. 313.

The reasons assigned by those courts seem to a majority of the members of this court as conclusive of the question here presented, and the order and judgment is reversed.

EDGERTON, C. J., SMITH, FRANCIS and McCONNELL, JJ., concur.

CHURCH, J. *(dissenting.)* I am not able to agree with my brethren in this case, and since the question is one of general

and considerable importance it is proper that the reasons for my dissent should be recorded.

It is to be regretted that the court in giving its opinion should have contented itself with the mere declaration that the rule which it announces, to-wit: "that under a general denial by the code practice or general issue under the common law system of pleading the defendant may require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery" "is firmly established in reason and precedent" for this I think is the entire substance of the opinion filed in this case.

While the decisions of courts of last resort must always carry with them their due authority over subordinate tribunals, yet it would seem especially important in this early period of the jurisprudence of the territory that this court should announce in clear terms the reasons for its judgments, mindful always that the respect which its judgments inspire will be proportioned to the soundness of the reasons by which they are maintainted. For my own part I do not hesitate to say that sitting in this court I shall always hold myself untrammeled by any unauthoritive precedent which does not carry with 'it the weight either of very general acceptance or of sound reason.

That there is precedent for this decision, and from sources entitled to the highest respect, must be admitted, but if any satisfactory reason has ever been given for so much of the rule as applies to practice under the code I have not been able to find it.

On the contrary the argument of the cases cited by the court—and the list embraces all that are of any consequence in support of that view—proceeds in my judgment from utterly false premises, and is therefore inconclusive.

Before proceeding to the examination of these precedents I shall consider the question as an original one divested of all prejudice derived from adjudications of other tribunals.

The question squarely presented in the opinion of the court and which they have answered in the negative is: Can a veri-

fied answer consisting of a general denial, if shown by affidavit to be false, be stricken out as sham?

In the first place in order that we may realize how completely the legislature designed, in the enactment of our Code of Civil Procedure, to cut of all reference to the common law system as a guide in the practical administration of the law it will be well to quote a few provisions of that code which will be found to have an important bearing upon the question before us:

"Sec. 3. The rule of the common law that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this territory respecting the subjects to which it relates, and its provisions, and all proceedings under it, are to be liberally construed with a view to effect its objects, and promote justice."

"Sec. 9. No statute, law or rule is continued in force because it is consistent with the provisions of this code on the same subject; but in all cases provided for by this code all statutes, laws and rules heretofore in force in this territory whether consistent or not with the provisions of this code, unless continued in force by it, are repealed and abrogated."

"Sec. 109. All forms of pleading heretofore existing are abolished; and hereafter the forms of pleading in civil actions in courts of record, and the rules by which the efficiency (sufficiency?) of the pleadings is to be determined are those prescribed by this act."

"Sec. 111. The complaint shall contain:

2. A plain and concise statement of the facts constituting a cause of action * * * ."

"Sec. 118. The answer of the defendant must contain:

1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief

2. A statement of any new matter constituting a defense or counter claim in ordinary and concise language without repetition.

"Sec. 121. Sham and irrelevant answers and defenses

may be stricken out on motion, and upon such terms as the courts may in their discretion impose."

On careful attention to the language of the provisions thus collated one cannot fail to be impressed with two thoughts in reference to the question before us: First, that the provisions of this code are to be construed as though no such thing as the common law practice ever existed. We are to start afresh as it were, "forgetting the things which are behind."

Second. That in providing for the striking out of sham answers and defenses no distinction is made between general or specific denials on the one hand, and statements of new matter constituting a defense on the other; or rather that if any such distinction is made it is one which enforces the view that both are alike subject to the operation of this provision, since it would certainly not be an unfair or strained interpretation of Section 121, which would account for the use of both of these words "answers and defenses" by referring the former to denials of the allegations of the complaint, and the latter to "new matter constituting a defense."

In the discussion of this question we are relieved from any embarrassment upon two points:

First. As to what constituting a sham answer or defense. There seems to be a pretty general acquiescense in the view that by this term is meant one good in form but false in fact and pleaded in bad faith. It is sometimes spoken of as one which in form tenders an issue when in fact there is no issue to be tried.

Second. As to the power of the court, both at common law and under the code, to strike out as sham any answer or defense other than a denial.

Upon this point also there seems to be a general concurrence of authority, undisturbed by any considerations arising from the suggestion of the right of defendants to have every issue tried by a jury, although I am not aware that any reason has ever been advanced why one class of issues should be preferred to the other in this respect.

From the standpoint thus far attained, in the light of the

statutes above quoted, and with view unobstructed by tradition or prejudice, it seems clear beyond controversy that the question propounded could only be answered in the affirmative. The declaration of the legislature is simple; its meaning is not obscure.

Let us now examine some of the precedents that we may ascertain how this question has been treated by other courts, and by what course of reasoning the conclusion has been reached settling the rule. as affirmed by this court.

In New York, for the first nine years of the code, there seems to have been some diffierence of opinion upon this question, but in 1858 the court of appeals announced its decision in People v. McCumber, 18 N. Y. 315, affirming the proposition that denials equally with special defenses were subject to be stricken out as sham when shown clearly to be falsely pleaded.

It would be a pleasure to quote here the whole of the opinion of that court upon this point, pronounced by Justice STRONG. In my judgment it is absolutely unanswerable, and the more carefully and intelligently it is studied the more admirably does it appear to meet every objection which can be raised against it. Lack of time and space however forbid more than the reference which I shall make to it further on. It is conceived in the true spirit of the reformed procedure instituted by the code, and ought to have set the question at rest in that state at least. Such was its effect for thirteen years thereafter, and until the decision of the same court in Wayland v. Tysen, 45 N. Y. 281, by which the rule so long prevailing was reversed, and the precedent established upon which this court now relies. As this is undoubtedly the leading case upon that side and the one upon which have been based the few other similar decisions, I shall give it some special attention.

The first point proper to be noticed is that in order to avoid the appearance of overruling an express previous adjudication of the point involved the court say that the question must be regarded as an original one in that court, notwithstanding the case of People v. McCumber, since a close examination of that case shows that this point was not involved. Let us see if this is so.

The answer in the McCumber case comprised three separate defenses. The first consisted of specific denials of sundry material allegations of the complaint. The second and third set up special matters of defense.

Upon affidavits showing the falsity of the answer. A motion was made to strike out the whole answer as sham, frivolous and irrelevant and for judgment. The supreme court had granted the motion, striking out the first defense as sham and irrelevant, and the second and third as frivolous.

The court of appeals modified this to the extent of leaving the second and third defenses in the record and overruling them as frivolous, but affirming the order otherwise.

In giving its opinion the court of appeals says: "The falsity of every denial respecting a material allegation is made entirely clear by other parts of the answer and the affidavit of the auditor used for the motion."

Clearly, therefore, the question before us was not only properly before that court but must have been essential to the judgment which they pronounced. The dissent of two of the justices upon this particular point to which attention is called in the opinion in the latter case so far from impeaching the earlier case as a precedent emphasizes its authority by showing that the court had its attention drawn to the point, and that a majority were in accord, not only in the announcement of the rule, but in the necessity for its announcement in that case.

It would seem, therefore, that neither the declaration of the court of appeals in Wayland v. Tysen, that "this point was not invoved" in the earlier case, nor that of our own court in the case at bar that "all that was said by that eminent jurist (Justice STRONG) on the subject of general denials was entirely gratuitous, and not in any sense presented by the pleadings in that case" can hardly have been well considered.

Passing this, however, and proceeding to the argument in the case of Wayland v. Tysen, we find that it is substantially as follows:

1. Under the common law system the general issue could not be struck out as sham, although shown by affidavits to be

false, (citing Broome Co. Bank v. Lewis, 18 Wend. 565) because when this was interposed as a defense the party had a right to a trial by jury.

2.   The general denial under the code is the equivalent of and substitute for the general issue under the common law system.

3.   It gives the defendant the same right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery as was given by the common law plea, and the right to a jury trial could not be taken away by simply changing the name from that of general issue to that of general denial.

4.   This is an argument tending to show that the legislature in the passage of the section in question only intended to sanction the existing practice and not to confer any new power upon the court, which under pre-existing laws possessed and exercised the power to strike out sham and irrelevant answers and defenses.

Upon the first proposition I am quite willing to concede that it was not the practice at common law to strike out as sham the general issue, but I think it will be found that, as suggested by Justice STRONG, this arose not from want of power but from a long continued exercise in that direction of judicial discretion.

The citation of Justice GROVER is not a happy one.   There were four pleas in the case cited; the general issue and three special pleas.   The motion was to strike out two of these special pleas as false, having nothing whatever to do with the general issue, and I think that here the assertion may be ventured that the remarks of the court upon the point to which the case was cited were "entirely gratuitous."

Nevertheless I will quote them that it may be seen how well they justify the citation: "Under the present practice of the court any defendant has the right to plead the general issue and put the plaintiff to the proof of his demand, whether he has any pretense for doing so or not; but when he claims to have a defense by his pleadings but upon motion admits that he has

none at all there is no reason in justice or good sense why his pleas should stand; why the courts should be occupied about irrelevant matters and a plaintiff delayed, perhaps ruined, before he can enforce the collection of an honest and just demand." Just so; and I am tempted to quote from this case some still more impressive language, but must content myself with inviting particular attention to it.

The observations of the court upon the general subject I am now considering will be found equally vigorous with those of Justice STRONG in the McCumber case and to emphasize the suggestion of that learned judge that "it was doubtless the delay, expense and injustice to which this plea of the general issue was so frequently perverted, which contributed as much as any other single cause to the new system of pleading and practice introduced by the code. * * * One leading policy of the new system is to suppress falsehood and secure truth in the pleadings." The citation of Stewart v. Hotchkiss, 2 Cow. 634, will be found scarcely more accurate or appropriate.

The reason given for the rule respecting the general issue proves too much. It is said that the interposition of this plea gave the defendant the right to require proof of the plaintiffs demand and to a trial thereof by jury.

Now it has never been pretended that this was the case with special pleas or defenses either at common law or under the code, nor has any doubt ever been expressed as to the power of the legislature, or perhaps even of the courts (see Broome Co. Bank v. Lewis, *supra,*) to require a verification of the truth of the plea as a condition of its acceptance; and if a general verification of its truth may be required in advance, why not, as remarked by Judge Strong, a further and special verification of its truth in case its apparent falsity should be shown by affidavit. This would not be to try the case upon affidavits but to inform the court whether that condition existed which alone entitled the defendant to a trial by jury, viz: that there should be an issue to try.

This principle is fully recognized in New Jersey, a state where the common law practice prevails, modified to some ex-

tent by statute, where the statute authorizes the plaintiff to take judgment as by default over any sham plea, under peril of having it set aside if an apparent defense is subsequently shown by affidavit. Latterly, however, an order of a judge is required.

It is worthy of notice, too, that the courts of that state decline to recognize any distinction in this respect between the general issue and other pleas, but in answer to the very objection we are now considering say emphatically that "it cannot be said that the party is deprived of a trial if he has nothing to try." Walter v. Walker, 6 Vr. 262.

In that case the general issue though verified was stricken out as sham and the court evidently considered that the statutory requirement of such verification as a condition precedent did not preclude a subsequent inquiry by affidavit as to the good faith of the issue thus tendered. See, also, Coykendall v. Robinson, 10 Vr. 98.

But if the proposition of Justice GROWER be correct, no plea, answer or defense, good in form either under the common law or under the code, either verified or unverified, could be stricken out as sham since it is the pleading which creates the issue, not the verification, and the issue is just as perfectly presented by an unverified as by a verified plea or answer, and the legislature would have no right in any case to impair the right of trial by jury by imposing upon parties unwilling to pay their just debts and desirous only of securing "the law's delay" the hard necessity of verifying their pleas.

As to the second proposition, coming from so learned a jurist as Justice GROWER, it would certainly be more suprising than it is did we not remember with what extreme reluctance the innovations of the code are received by those who had been bred to the artificial but profound system of the common law, and with what great difficulty they advanced from the traditions and intricate subtleties of the one to the clear and simple provisions of the other. For many of these it seems impossible to interpret the code enactments as meaning precisely what they said. Hence the amazing conflict of judicial opinion in the constructions of the code.

Can it really be necessary to point out to any one familiar with the common law system the radical distinction between a general issue and a code denial?

The general issue was a denial of the plaintiff's legal conclusion of a present obligation on the part of the defendant existing at the commencment of the action, and it was often consistent with an admission of many or all of the facts stated in the declaration. Under it many defenses could be interposed, especially in actions on the case showing that *ex æquo et bono* the plaintiff ought not to recover. A denial under the code is an averment of the falsity of those allegations of the complaint to which it is addressed and under it no defense can be interposed except a bare showing of such falsity. This is too familiar to require illustration. This court in Dole v. Burleigh, 1 Dak. 227, has recognized the distinction.

If the proposition of Justice GROWER be correct, the rule should be extended to embrace that very numerous class of cases where the code system requires to be specially pleaded defenses which at common law could be given in evidence under the general issue, since only thus could its beneficent provisions have their just and full application.

I have spoken particularly of what are called "general" denials, meaning thereby those answers which in general terms deny each and every allegation of the complaint, but obviously there can be no distinction in principle between such an answer and one which should deny *seriatim* each allegation, or one which should deny any one material allegation.

The last proposition indeed seems to be fully conceded in the case of Thompson v. Erie Railway Co., 45 N. Y. 468, argued before the same court shortly after the decision in the case we are now criticising. This was a case in equity and the court was confronted on the one hand by the necessity of sustaining its recent decision, and on the other by the manifest absurdity of attempting to draw any analogy between the general issue at common law and a general or specific denial of the allegations of a bill in equity. This necessitated the abandonment of their citidel—the right to a trial by jury—as to cases

of the class before them, thus, in my judgment, disclosing the inherent weakness of their position, and, to complete the figure, the propriety of its surrender.

The third proposition above stated is disposed of by what has been already said concerning the first and second. As to the fourth, whatever doubt may have existed in New York as to the intent of their legislature in the enactment of the section in question (and I do not concede that that there was any reasonable ground for doubt) the intention of our own legislature as manifested in the provisions heretofore quoted, is too clearly expressed in direct opposition to that imputed by Justice GROWER to the New York legislature, to admit of any doubt whatever. In my judgment this case was not well considered and the decision is not supported by such reasons as to entitle it to any authority outside of New York.

The case cited from California adds nothing to the discussion, merely following the New York case.

The supreme court of Minnesota which has frequently manifested a remarkably just conception of the true spirit of the reform procedure, affirms the power to strike out as sham a verified answer containing only a general denial. Nelson Lumber Co. v. Richardson, 31 Minn. 267.

I have considered this matter somewhat at length, because the brief treatment of it by the court has compelled me, in stating the reasons for my dissent, to cover pretty much the whole ground. I greatly regret the conclusion of the court. Its practical effect will be to induce perjury and to throw an unnecessary obstacle in the way of the speedy enforcement of obligations against which there is no real defense. But most of all do I regret it because it is based upon erroneous assumptions and upon a process of reasoning which I consider utterly unsound and opposed to the spirit and meaning of the code, and is indeed a substitution no less unwise than unwarranted, of the will of the court for that of the constitutional law-making power.

The language of Sec. 121 is plain; its terms neither require

v.4DAK.—11

nor admit of any exception, and its provisions apply equally to answers which are in form denials as to affirmative defenses setting up new matter. Undoubtedly the power conferred by this section should only be exercised in cases where it is en-tirely clear that the plea is false and interposed in bad faith, but the question now is one of power only. Let the power be fully recognized and the occasion for its exercise will be infre-quent.

I think that the judgment below was right and should be affirmed.

FRANCIS, J. I concur in the foregoing opinion of Justice CHURCH.