### ST. PAUL F. & M. INS. CO. V. HANSON.

COURTS—DISTRICT COURTS—JURISDICTON—AMOUNT.

> In all actions arising on contract, for the recovery of money only, where the sum claimed does not exceed $100, the district courts and the courts of justices of the peace have concurrent original jurisdiction; and in all actions or proceedings in chancery, and in all actions at law, where the debt or sum claimed exceeds $100, the district courts have exclusive original jurisdiction.

Filed May 12, 1886.

FRANCIS, J.  This action was brought in the district court of the Third judicial district, in and for Ransom county, Dakota territory, to recover on a promissory note for the sum of $42, with interest. The defendant demurred to the complaint, alleging that it appears upon the face of the complaint that the district court has no jurisdiction of the subject of the action. The demurrer was overruled, and the defendant elected to stand on his demurrer, and judgment was rendered for plaintiff, and against the defendant, for the amount due upon said promissory note, with interest and costs; and from this judgment the appellant has appealed.

The question is raised, has a justice of the peace exclusive original jurisdiction when the sum in controversy does not exceed $100? or is the jurisdiction of district courts and that of

justices of the peace concurrent in civil actions where the amount in controversy does not exceed $100? No argument or elaborate reasoning is necessary in answering the question. From a reading of the provisions of law relating to district courts and courts of justices of the peace in the Territory of Dakota, and defining the jurisdiction thereof, found in the organic act governing the territory, and in the acts of the territorial legislature, we are led, by the rules of plain and fair construction, to the clear conclusion that, in all actions arising on contract, for the recovery of money only, where the amount claimed does not exceed $100, the district courts and the courts of justices of the peace have concurrent original jurisdiction; and that in all actions or proceedings in chancery, and in all actions at law where the debt or sum claimed exceeds $100, the district courts have exclusive original jurisdiction. The district court, therefore, rightly overruled the demurrer to the complaint in this action, and the "manifest error on the face of the record" claimed by the defendant (appellant) not appearing, the judgment of said district court should be affirmed. All the justices concurring.