Pfister vs. Wells.

---

PFISTER, Trustee, Respondent, vs. WELLS, imp., Appellant.

*January 7 — January 28, 1896.*

*Pleading: Striking out sham answer.*

A properly verified answer, putting in issue material allegations of the complaint, cannot be stricken out as sham, under sec. 2682, R. S.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The facts are sufficiently stated in the opinion.

For the appellant there were briefs by *Wells, Brigham & Upham,* and oral argument by *J. R. Brigham.*

For the respondent the cause was submitted on the brief of *Quarles, Spence & Quarles.*

MARSHALL, J. The defendant *Wells* interposed an answer, properly verified, which contained denials, on information and belief, of material allegations of the complaint. The plaintiff moved, on the pleadings and affidavits in support of the truth of the allegations of the complaint which were denied, for an order striking out the answer as sham. The defendant *Wells* did not support the answer by any affidavits, other than the verification, which was in due form, and the court granted the motion. From the order which was accordingly entered, this appeal was taken.

The question is presented of whether, where an answer putting in issue material allegations of the complaint is verified in the form prescribed by statute, it can be struck out, under sec. 2682, R. S.

This statute was borrowed from New York, where, in its original form, it has received judicial interpretation. The state of the law on the subject, as contained in the New York decisions, is referred to by counsel on both sides, and by the revisers, as conflicting. But if it is meant that the practice under the New York statute is unsettled; that there is any conflict in the decisions, except a conflict between some very early decisions and those which have controlled since the law in respect to the subject became settled, some forty years ago,— then we are unable to find wherein such conflict exists. The practice there seems to have been, for a long term of years, well settled on the subject, and the reasons therefor definitely appear. There has been no change in the New York statute. It is the same now as it was at the time of its adoption here, omitting the word "irrelevant," and reads as follows: " A sham answer or a sham defense may be stricken out by the court, upon motion, and upon such terms as the court deems just." [Code, sec. 538.] It is there held that an answer containing denials of material allegations of the complaint, put in in the form prescribed by the Code, cannot be stricken out as sham. *Wayland v.*

Pfister vs. Wells.

*Tysen*, 45 N. Y. 281; *Thompson v. Erie R. Co.* 45 N. Y. 468; *Newman v. Board of Supervisors of Livingston Co.* 45 N. Y. 676; *Martin v. Erie P. Co.* 48 Hun, 81; *New York v. James*, 17 Hun, 588; *Fellows v. Muller*, 38 N. Y. Super. Ct. 137; *Colt v. Davis*, 50 Hun, 366; *Robert Gere Bank v. Inman*, 51 Hun, 97; *Roby v. Hallock*, 55 How. Pr. 412. Since the decision of *Wayland v. Tysen*, which overruled former decisions, there has been practically no conflict or confusion in decisions of the New York courts on this subject. The rule is definitely stated in the syllabus to *Robert Gere Bank v. Inman*, 51 Hun, 97, as follows: "The rule established by the decisions bearing upon this question is that an affirmative answer or defense which raises a material issue may be stricken out as sham, but that a general or specific denial which raises a material issue cannot be stricken out as sham, when pleaded in a form permitted by the Code of Civil Procedure."

The reasons given for the rule thus established apply here, unless it be otherwise by reason of changes in the statute which occurred at the time of the revision in 1878. Such reasons may be stated as follows: Before the Code, the remedy existed by striking out sham pleas, but such remedy was confined to such as set up new matter. It was not applicable to pleas which interposed the general issue as a defense. In case of the general issue, in an action at law, under the then existing practice, the party putting in the plea was entitled to a trial by jury. Not so, necessarily, in case of an answer containing an affirmative defense. Hence, a person could not then be deprived of the right of trial by jury, in case of the general issue, by a motion to strike out. Such was the condition at the time of the adoption of the constitution, which expressly provided (art. I, sec. 5), "The right of trial by jury shall remain inviolate and shall extend to all cases at law," etc. The effect of striking out an answer containing a general denial, whether upon information

Pfister vs. Wells.

and belief or otherwise, would be to take away the right to a trial by jury; hence, such a construction of the statute as would permit that would render it unconstitutional. In *Wayland v. Tysen*, 45 N. Y. 281, GROVER, J., said: "The section in question simply confers power upon the court to strike out sham and irrelevant answers and defenses. This power the court, as we have seen, possessed and exercised under pre-existing laws. For reasons deemed satisfactory, it was not extended to the general issue. When this was interposed as a defense, the party had a right to a trial by jury. This right is secured to him by sec. 2, art. I, of the constitution [which is substantially the same as sec. 5, art. I, of the constitution of this state]. This right could not be taken away by simply changing the name from that of general issue to that of general denial. . . . The legislature, in the passage of the section in question, only intended to sanction the existing practice, and not to confer any new power upon the court."

Keeping the construction of the New York statute in mind, as a proper construction of the statute here until changed by the revision of 1878,— that is, that prior to the revision a denial interposed in the form permitted by the Code could not be stricken out as sham, but that the answer setting up an affirmative defense might be so stricken out; that where an unverified answer was permitted, containing denials only, it could not be stricken out, though an anwer containing an affirmative defense might be stricken out, whether verified or not, if satisfactorily shown to be sham,— we examine the changes made by the revision, and readily see the purpose of such changes. They were evidently for the mere purpose of placing answers, whether by way of denial or affirmative defense, on the same basis, and, at the same time, not interfering with the constitutional right of trial by jury. To this end we find that words were added in the first part of the section as follows, "whether

by way of denial or avoidance," so that no distinction would
be made between the two where unsupported by a verifica-
tion; and in order that there might be no mistake about
the intention of the language of the statute, and to prevent
any claim being made that it in any way violated the right
of trial by jury in case of a verified pleading, as the same
formerly existed, the following words were added: " But
no defense shall be deemed sham, the truth of which shall
be supported by an affidavit of a single witness, either by
way of verification to the pleadings, or in opposing a motion
to strike out." So that the section now reads as follows,
the added words appearing in italics:

" A sham answer, *reply* or defense, *whether by way of de-
nial or avoidance,* may be stricken out on motion and upon
such terms as the court or presiding judge thereof may, in
discretion, impose; *but no defense shall be deemed sham, the
truth of which shall be supported by the affidavit of a single
witness, either by way of verification to the pleadings, or in
opposing a motion to strike out.*"

The words, " by way of verification to the pleadings,"
were intended to have the effect to take away the remedy
of the motion to strike out a sham answer setting up an
affirmative but false defense, which could formerly have
been resorted to whether such answer was verified or not,
while such words, and the words which precede, give the
remedy in all cases where the answer, whether by way of
denial or avoidance, is not verified. The words, " by affida-
vit . . . in opposing a motion to strike out," were intended
to enable the party to save the alleged sham pleading, if
open to a motion to strike out by reason of not having been
verified in the first instance, by supporting it on such mo-
tion by the affidavit of one witness competent to testify to
the fact involved; that is to say, as the section now stands,
a verified answer, whether by way of denial or avoidance, is
not open to a motion to strike out as sham, while an unveri-

-fied answer, in any case, is open to such motion, but may be saved by an affidavit of one witness in opposition to such motion.

*By the Court.*— The order appealed from is reversed, and the cause remanded for further proceedings according to law.