# Cases Argued and Determined

IN THE

# SUPREME COURT

OF THE

# State of South Dakota.

---

## KING v. WAITE.

1. An appeal will not be dismissed for delay in filing the record, and serving abstract and briefs, except in an extreme case.

2. The mere fact that a notice of application for leave to file an amended answer fixed the hearing "at the hearing of plaintiff's motion to strike out defendant's answer" does not make the application to amend a proper part of the record on appeal from an order granting the motion to strike out where it was no part of either party's case on such motion.

3. A verified answer, unqualifiedly denying essential allegations of the complaint, cannot be stricken out as sham, defendant having a constitutional right to a trial on the issue.

4. The striking out of such an answer is not justified by the fact that defendant's affidavit on the motion to strike out makes admissions which are inconsistent with the answer, and seem to support plaintiff's case.

(Opinion filed May 6, 1897.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Vol. 10, S. D.—1

Action upon a foreign judgment. The court struck out the answer as sham and gave plaintiff judgment. Defendant appeals. Reversed.

The facts are stated in the opinion.

*W. S. Elder* and *G. C. Moody*, for appellant.

The court cannot lawfully hear evidence upon a motion to strike out as sham a verified answer containing a general or specific denial of the material allegations of the complaint. Fay v. Gobb, 51 Cal. 313; Greenbaum v. Turrill, 57 Id. 285; Fellows v. Muller, 38 N. Y. Super. Ct. 139; Thompson v. Railroad, 45 N. Y. 468; Wayland v. Tysen, Id. 282; Green v. Hughitt Twp., 5 S. D. 452, 59 N. W. 224; Loranger v. Mining Co., 6 S. D. 478, 61 N. W. 686; Pfister v. Wells, 65 N. W. 1041; Bogges v. Davis, 34 Ind. 82; Maxw. Code Pl. 554; Bliss Code Pl. 422. Nor can such an answer be stricken out as sham. Wayland v. Tysen, *supra*; Thompson v. Railroad, *supra*; Newman v. Board, 45 N. Y. 281; Martin v. Preserving Co., 48 Hun. 81; Mayor v. James, 17 Id. 588; Fellows v. Muller, *supra*; Colt v. Davis, 50 Hun, 366; Bank v. Inman, 51 Id. 97; Roby v. Hallock, 55 How. Pr. 412; Humble v. McDonald, 25 N. Y. Supp. 965; Rogers v. Voshberg, 87 N. Y. 228.

*Edwin Van Cise*, for respondent.

The answer was properly stricken out as sham. Webb v. Foster, 45 N. Y. Sup'r Ct. 311; Sherman v. Boehm, 13 Daly 42; Henry Huber Co. v. McAllister, 21 N. Y. Supp'l 767; Dobson v. Halowell, 54 N. W. 939; White v. Moquist, 63 N. W. 255; Dennis v. Nelson, 56 Id. 589; Van Loon, v. Griffin, 26 Id. 601; Stevenson v. Dunn, 23 N. Y. Suppl. 322; Patrick v. McManus, 23 Pac. 90; Buller v. Sidell, 43 Fed. 116.

CORSON, P. J. This was an action upon a judgment alleged to have been recovered in the supreme court of the state of New York. Upon notice and an affidavit of plaintiff's attorney, the answer was stricken out as sham, and judgment entered for the plaintiff. From the order striking out the answer and the judgment so entered, the defendant has appealed.

The respondent moved this court to dismiss the appeal mainly upon the grounds of delay in filing the record in this court, and in serving the abstract and brief, and because the appellant has not included in his record a motion made by the appellant in the court below for leave to serve and file an amended answer, the proposed answer and the court's order denying the same.    While delay in filing the record in this court, and in serving abstract and brief, are made grounds for a dismissal of the appeal, it is only in extreme cases that the penalty of dismissal will be imposed.    From the affidavits read on the hearing of the motion to dismiss, we are satisfied that much of the delay was through the mutual understanding of the parties, and that a dismissal upon those grounds should be denied. From a careful examination of the original record and additional abstract filed by respondent, and the affidavit submitted, we are of the opinion that respondent has no grounds for claiming that appellant has not furnished this court a full and complete record of the proceedings on the hearing of the motion for judgment in the court below.    It clearly appears from the affidavits and such additional abstract that the proceeding to obtain leave to serve and file an amended answer constituted no part of the proceeding to show cause why the answer should not be stricken out.    They constitute no part of plaintiff's case to obtain the order to show cause, and no part of the defendant's case in opposition thereto.    They could not, therefore, have been properly considered by the trial court on the hearing of the order to show cause, and cannot be considered by this court.

It is true the time fixed for hearing in the notice of motion for leave to file and serve an amended answer was "at the hearing of plaintiff's motion for an order to strike out defendant's answer as sham, and for judgment thereon," but that did not make the proceedings for leave to file an amended answer any part of the proceedings in the order to show cause, and the trial court had no right to consider the former proceedings in

determining the latter. All the court could properly consider was the papers before him on the order to show cause, and hence the papers on motion for leave to file an amended an-swer were not properly any part of the record in the proceed ing to strike out the answer as sham, and could not properly be made a part of the record in this court. Respondent's addi-tional abstract will therefore be disregarded in the considera-tion of this appeal, as appellant's record and abstract contain all the papers properly before the trial court on the hearing.

This brings us to a consideration of the case upon its merits. The complaint was, in substance, as follows: "(1) That, at the times herein mentioned, the supreme court of the state of New York, in and for the county of New York, was a court of general jurisdiction; (2) that on or about September 21, 1885, one George T. King, as plaintiff, commenced an action in said court against the defendant, by the issuance of a sum-mons, in which action defendant duly appealed by attorney; (3) that such proceedings were had after issue joined that on June 16, 1886, said George T. King, as plaintiff, duly recovered judgment against said defendant in said action for $4,281.89; (4) that afterwards, and before the bringing of this action, said judgment was duly assigned by King to Charles S. Parsons, and by Parsons to the plaintiff, and the same is now her prop-erty; (5) that no part of said judgment has been paid, and there is due plaintiff from defendant thereon $4,281.89, with in-terest at 7 per cent. per annum from June 16, 1886. This was followed by a prayer for judgment, and the complaint was duly verified by the plaintiff in this action. * * * The defendant first answered by (1) admitting the facts alleged in para-graphs one and two; (2) denying any knowledge or informa-tion sufficient to form a belief as to matters alleged in para-graph four; and (3) denying each and every allegation, matter and thing contained in paragraphs three and five, with prayer for judgment. This answer was verified by Charles Waite." The errors complained of by the appellant are thus stated by

appellant's counsel: "The appellant contends that the circuit court erred—First. In granting the plaintiff an order to show cause why the defendant's answer should not be stricken out as sham, it then appearing upon the face of the application that the court was without jurisdiction to grant such order to strike out. Second. In making the order to show cause absolute, and in striking out the answer of the defendant as sham and untrue. Third. In entering judgment for the plaintiff and against the defendant, based upon said order striking out the defendant's answer." The order to show cause was granted and made absolute upon the affidavit of counsel for the plaintiff, which had annexed thereto a copy of the judgment roll of the supreme court of the state of New York, and copies · of the assignment of the same.

The defendant, on the hearing of the order, read his own affidavit. The respondent insists that this affidavit, in effect, admitted the allegations of the complaint denied by the answer. Appellant, however, insists that respondent, if her claim is correct, cannot avail herself of this admission in defendant's affidavit. The appellant contends that, as the material allegations of the complaint were denied in the verified answer, the court had no jusisdiction to try the issue presented by the complaint and answer on motion, or in any other than the regular way; it being a law case the parties were entitled to a jury trial; that, under the constitution of this state, this right is guaranteed to every person, and he cannot be deprived of that right. This was the view taken by this court in Green v. School Twp. 5 S. D. 452, 59 N. W. 224, and Loranger v. Mining Co., 6 S. D. 478, ' 61 N. W. 686, following the decision of the late territorial supreme court in Woodenware Co. v. Jensen, 4 Dak. 149, 27 N. W. 206, and 28 N. W. 193; and, after a careful review of the question, we are satisfied that this view is sustained by the great weight of authority. Fay v. Cobb, 51 Cal. 315; Greenbaum v. Turrill, 56 Cal. 285; Fellows v. Muller, 38 N. Y. Super. Ct. 139; Thompson v. Railroad Co., 45 N. Y. 468; Way-

land v. Tysen, 45 N. Y. 282; Pfister v. Wells (Wis.) 65 N. W. 1041; Boggess v. Davis, 34 Ind. 82; Newman v. Board of Sup'rs, 45 N. Y. 676; Martin v. Preserving Co. 48 Hun. 81; Mayor, etc., v. James, 17 Hun. 588; Colt v. Davis, 50 Hun. 366, 3 N. Y. Supp. 354; Bank v. Inman, 51 Hun. 97, 5 N. Y. Supp. 457; Roby v. Hallock, 55 How. Prac. 412; Humble v. McDonough (Super. Buff.) 25 N. Y. Supp. 965; Lybecker v. Murray, 58 Cal. 186; Machine Co. v. Henry (S. C.) 20 S. E. 790; Maxw. Code Pl. 554; Bliss, Code Pl. 422.

The learned counsel for the respondent insists that the decisions in New York are by no means uniform upon this question, and the courts that have followed the decision in Wayland v. Tysen, *supra*, have been inclined to make exceptions of cases where it clearly appeared that the answer was false; and he contends that the plaintiff's action, being founded upon a judgment, clearly comes within the exception. And counsel calls our attention to the language of the court in Loranger v. Mining Co. *supra,* in which this court seems to intimate that there might be cases in which the rule laid down in Wayland v. Tysen, *supra*, would not apply. But the learned judge who wrote the opinion in that case evidently overlooked the case of Green v. School Twp., *supra*, in which the rule laid down in the Wayland Case, and by the territorial supreme court, was fully adopted. We do not think there has been any want of uniformity in the New York cases since the decision in the Wayland Case. And such seems to be the view of the supreme court of Wisconsin—Pfister v. Wells, 65 N. W. 1041, in which that learned court reached the conclusion that an answer putting in issue material allegations in the complaint could not be stricken out on motion as sham. In its opinion that court says: "The question is presented of whether, in a case where an answer putting in issue material allegations of the complaint is verified in the form prescribed by statute, it can be struck out, under Rev. St. § 2682. This statute was borrowed from New York, where, in its original form, it has received judicial interpreta-

tion. The state of the law on the subject, as contained in the New York decisions, is referred to by counsel on both sides, and by the revisers, as conflicting. But if it is meant that the practice under the New York statute is unsettled, that there is any conflict except between some very early decisions and those which have controlled since the law in respect to the subject became settled—some 40 years ago—then we are unable to find wherein such conflict exists. The practice there seems to have been, for a long term of years, well settled on the subject, and the reason therefore definitely appears. There has been no change in the New York statute. It is the same now as it was at the time of its adoption here, omitting the word 'irrelevant,' and reads as follows: 'A sham answer or a sham defense may be stricken out by the court upon motion, and upon such terms as the court deems just.' Code § 152. It is there held that an answer containing denials of material allegations of the complaint, put in the form prescribed by the Code, cannot be stricken out as sham." After citing numerous New York authorities, the court proceeds: "Since the decision of Wayland v. Tysen, which overruled former decisions on the subject, there has been practically no conflict or confusion in decisions of New York courts on this subject. The rule is definitely stated in the syllabus to Bank v. Inman, 51 Hun. 97, 5 N. Y. Supp. 457, as follows: The rule established by the decisions bearing upon this question is that an affirmative answer or defense, which raises a material issue, may be stricken out as sham; but that a general or specific denial, which raises a material issue, cannot be stricken out as sham, when pleaded in a form permitted by the Code of Civil Procedure.'" That court then makes this important statement: "The effect of striking out an answer containing a general denial, whether upon information and belief, or otherwise, would be to take away the right to a trial by jury; hence such a construction of the statute as would permit that would render it unconstitutional." We think, in view of the decision of the Wisconsin

supreme court, in which all the judges seems to have concurred, we may consider the question settled in New York and Wisconsin, and the doctrine placed upon the solid ground that the right of a party to a trial of the issues raised by a general denial is a constitutional right, of which he cannot legally be deprived by the courts.

The supreme court of California has taken a similar view of their statute, which is, substantially, if not identically, the same as that in New York and our own, and has held in several cases cited that an answer which raises material issues, by a general or specific denial of the allegations in the complaint cannot be stricken out on motion.    The Minnesota supreme court seems to have adopted the old rule laid down in New York in People v. McCumber, 18 N. Y. 315, by Mr. Justice STRONG. But that rule does not seem to be sanctioned by our state constitution, and we do not feel inclined to follow it.    Nor do we believe it would be wise to graft exceptions upon the rule adopted in this state, even if we felt at liberty to do so under the constitution. It is true, the falsity of the answer may be made more apparent by the evidence in certain classes of cases than in others; but this fact cannot change the rule, for, as said by Mr. Justice HATCH, in the late case of Humble v. McDonough (Super. Buff.) 25 N. Y. Supp. 965:    "If an answer is shown to be false, it can make no difference how the fact appears—whether by affidavits undenied, or from the record itself.  It is none the less the fact that it is false, and the effect is the same.    If, when its falsity is established in one way, it cannot be stricken out, how can it when its falsity appears in any other way?   The quoted language disposes of the power under the general issue, and the construction given the code is equally plain.    *   *   * The result of the authorities and reasons therefor lead me to the conclusion that where the denial interposed raises a material issue, tendered by the complaint, such denial cannot be stricken out as sham, though it be false, and this without reference to how its falsity is made to appear."

Nor does the fact that the defendant in the case at bar made admissions in his affidavit inconsistent with his answer. and which seem to sustain the plaintiff's case, make any difference, granting that plaintiff's claim is correct. The plaintiff had no right to call the defendant into court upon motion to try his case, and he was not called upon to go further than to call the trial court's attention to the fact that material issues were raised by the answer. The case could not be tried upon either the record or defendant's admissions. In Schultz v. Rodewald, 1 Abb. N. C. 365, Mr. Justice BARRETT denied an application to strike out a denial in an answer as sham, where defendant, on examination before trial, admitted the allegations of the complaint. To the same effect is Boggess v. Davis, 34 Ind, 82. As defendant's answer raised material issues by his denials, upon which he was entitled to a jury trial, or at least a trial in the regular and constitutional way, it was error for the court to strike out his answer as sham. The order striking out the answer and the judgment entered are reversed.