H. S. KLINE and J. Minkiewitz v. HATTIE HARRIS, A. C. Harris, G. A. Ebbert, and J. H. Mantz.

(152 N. W. 687.)

**Complaint — answer — general denial — falsely pleaded — sham — good faith — inquiry as to — in advance of trial — cannot be had — plaintiff must prove demand.**

1. Although a general denial to the allegations of the complaint may, if falsely pleaded, be characterized as sham, yet an inquiry in advance of the trial cannot be entertained by the court as to the good faith of the defendants in pleading it, nor can it be striken out as sham on an application of the plaintiffs. The defendant has the right, by a general denial, to put the plaintiff to the proof of his demand.

**Answer — general denial — substitute for the general issue at common law — requires plaintiff to prove all material facts.**

2. An answer, by way of a general denial, is the equivalent of and substi-

---

Note.—There is considerable conflict among the cases passing upon the right of the court to strike out as sham, an answer by way of general or special denial, upon the presentation of affidavits showing that the answer is false and interposed in bad faith. Upon this question, see notes in 72 Am. Dec. 521 and 113 Am. St. Rep. 639, 647.

tute for the general issue under the common-law system of pleading. It gives to the defendant the same right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery as was given by that plea.

Under the common-law system the general issue could not be stricken out as sham, although shown by affidavit to be false.

Opinion filed May 25, 1915.

Appeal from District Court, Pierce County, *A. G. Burr,* Judge.

From an order striking out an answer as sham, and from a judgment entered based on said order, defendants appeal.

. Reversed.

*Palda, Aaker, & Greene,* for appellants.

An answer verified by attorney in the usual form, consisting merely of a general denial, cannot be stricken out as sham. Samuel Cupples Wooden Ware Co. v. Jensen, 4 Dak. 149, 27 N. W. 206, 28 N. W. 193; Gjerstadengen v. Hartzell, 8 N. D. 424, 79 N. W. 872; Sifton v. Sifton, 5 N. D. 187, 65 N. W. 670.

*Paul Campbell,* for plaintiffs and respondents.

The right to deny, on knowledge or information in pleading, is not an absolute right. Where facts are within the knowledge of the party, or where such party could ascertain the truth or falsity of his allegations by general denial, such form of pleading is frivolous and sham. Rev. Codes 1905, §§ 6866, 6867, Comp. Laws 1913, §§ 7455, 7456; Van Dyke v. Doherty, 6 N. D. 263, 69 N. W. 200; Gjerstadengen v. Hartzell, 8 N. D. 424, 79 N. W. 872; Samuel Cupples Wooden Ware Co. v. Jensen, 4 Dak. 149, 27 N. W. 206, 28 N. W. 193; Loranger v. Big Missouri Min. Co. 6 S. D. 478, 61 N. W. 686; Sigmund v. Bank of Minot, 4 N. D. 164, 59 N. W. 966; Massachusetts Loan & T. Co v. Twichell, 7 N. D. 440, 75 N. W. 786; Russell v. Amundson, 4 N. D. 112, 59 N. W 477; Chicago, R. I. & E. P. R. Co. v. Wertheim Co. 15 N. M. 505, 30 L.R.A.(N.S.) 771, 110 Pac. 573, Ann. Cas. 1912C, 148.

The statute requires good faith and honesty in pleading by general denial, and a party cannot close his eyes to known or easily ascertainable facts, and resort to such form of pleading. Wheaton v. Briggs, 35 Minn. 470, 29 N. W. 170; Mulcahy v. Buckley, 100 Cal. 484, 35 Pac. 144, 1 Enc. Pl. & Pr. 813; Hance v. Rumming, 2 E. D. Smith, 48;

Mott v. Burnett, 2 E. D. Smith, 50; Wesson v. Judd, 1 Abb. Pr. 254; Samuel Cupples Wooden Ware Co. v. Jensen, 4 Dak. 149, 27 N. W. 206, 28 N. W. 193; Wayland v. Tysen, 45 N. Y. 281; Thompson v. Erie R. Co. 45 N. Y. 468; Farmers' & M. Bank v. Smith, 15 How. Pr. 329; Claflin v. Jaroslauski, 64 Barb. 463; Brown v. Lewis, 10 Ind. 232.

The general rule with regard to verifications by an attorney or agent is that he has the requisite knowledge, and therefore is able to swear positively. 31 Cyc. 537, 538.

KNEESHAW, District Judge. This action was brought to recover on a bond given to release an attachment issued in a former action and levied on property of defendants Hattie and A. C. Harris, and on which bond defendants Ebbert and Mantz were sureties. The action in which the bond was given resulted in a judgment against Hattie and A. C. Harris, and which judgment, it is alleged, was assigned to the plaintiffs in this action.

To the complaint the defendants answered by a general denial duly verified by attorney.

The plaintiffs' attorney gave notice of a motion to strike out the answer as frivolous and sham. The trial court made an order granting said motion and allowing defendants five days in which to answer over on payment of $10 costs.

The defendants appealed from said order on February 10, 1914, and on the same day an order for judgment was signed, and judgment was entered in favor of the plaintiffs thereon for $1,000.50 damages and costs.

Said order of judgment being based on the former order striking out the answer as sham, and on the failure of the defendants to answer over as provided in said order.

This appeal was taken by the defendants both from the order striking out the answer and from the judgment.

The only question involved and to be considered is the right of the district court to strike out the defendants' answer as sham, frivolous, or for want of proper verification.

The answer consisted merely of a general denial of the allegations of the complaint, and it was duly verified by the defendants' attorneys in form as provided by law, which fact is conceded.

Therefore, that disposes of the question of the proper verification of the answer, as our statute authorizes a verification by attorney. The only other question is, Can an answer by way of a general denial, duly verified by either the party or his attorney, be stricken out on motion as sham?

The court in the case of Wayland v. Tysen, 45 N. Y. 281, says:

"This answer [by way of a general denial] is the equivalent of and substitute for the general issue, under the common-law system of pleading. It gives to the defendant the same right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery as was given by that plea. Under the common-law system the general issue could not be struck out as sham, although shown by affidavits to be false."

And the court in the case of Fay v. Cobb, 51 Cal. 313, which we cite with approval, says: "Although a general denial to the allegations of the complaint may, if falsely pleaded, be characterized as sham, yet an inquiry in advance of the trial cannot be entertained by the court, as to the good faith of the defendant in pleading it, nor can it be stricken out as sham on an application of the plaintiff." Ibid.

"The defendant has the right by a general denial to put the plaintiff to the proof of his demand."

To the same effect, see also Samuel Cupples Wooden Ware Co. v. Jensen, 4 Dak. 149, 27 N. W 206, 28 N. W. 193; Gjerstadengen v. Hartzell, 8 N. D. 424, 79 N. W. 872; King v. Waite, 10 S. D. 1, 70 N. W. 1056, and many other cases cited.

We therefore are of the opinion that the court erred in striking out the answer as sham, or on any of the grounds stated; and the order of the District Court of Pierce County in striking out the answer, and the judgment of the said court entered in said case in favor of the plaintiffs' and against the defendants for $1,000.50 damages and costs, is hereby reversed, and the cause is remanded for further proceedings, with directions that the cause stand for trial on the issues made by the pleadings.

CHRISTIANSON, J., being disqualified, did not participate, Honorable W. J. KNEESHAW, Judge of the District Court of the Seventh Judicial District, sitting in his stead, by request.