H. S. KLINE and J. Minkiewitz v. HATTIE HARRIS, A. C. Harris,
G. A. Ebbert, and J. H. Mantz.

(163 N. W. 268.)

**Judgment roll — action on — complaint in — verified — sham answer — general denial — stricken out — on motion.**

In an action when the complaint is duly verified and is based on a judgment roll or matter of record which cannot be denied in good faith, the defendant has no right to interpose a false and sham answer in the form of a general denial; and, on proper motion, such an answer should be stricken out as sham.

Opinion filed June 2, 1917.

Appeal from the District Court of Pierce County, Honorable *A. G. Burr,* Judge.

Affirmed.

*Palda & Aaker* and *I. M. Oseth,* for appellants.

*Campbell & Jongewaard,* for respondents.

ROBINSON, J.  The complaint and the records show that on September 12, 1908, M. H. Zeer commenced an action in McHenry county against the defendants Hattie Harris and A. C. Harris to recover $675, and interest, 7 per cent, from August 2, 1906, for work and labor.

A writ of attachment was issued and levied, and on April 20, 1909, the defendants gave a bond to discharge the attachment. And on May 29, 1909, the court made an order discharging the attachment on the bond. On January 19th, 1910, it was duly adjudged that the plaintiff recover against the defendants Hattie and A. C. Harris, $792 and costs, making $835.50. On January 21, 1910, M. H. Zeer duly made to the plaintiffs a written assignment of the judgment. It was signed by M. H. Zeer and two witnesses, and duly acknowledged and filed with the judgment record in the office of the clerk of court.

To the verified complaint stating those facts, which appear of record, the answer is merely a general denial. It was stricken out, and, on an appeal to this court, Judge Kneeshaw wrote an opinion reversing the order, holding in effect that a general denial of the court records may

not be stricken out as sham and not made in good faith.  30 N. D. 421, 152 N. W. 687.  In June, 1915, the case was on the court calendar for trial, and a motion was made to strike it from the calendar.  A motion was made to require the plaintiffs to come to the state and submit to examination as parties before trial, claiming that the defendants had a good and meritorious defense in a matter relating to the validity and good faith of the pretended assignment of the judgment, as if the defendants were in any position to question the sufficiency of the assignment.  On July 8, 1915, the case was brought to trial before the court and a jury, and at the close of the testimony each party moved for a directed verdict, and the case was submitted to the court.  Then the court, by Judge Burr, made and filed proper findings of fact and conclusions of law.  On July 19, 1915, judgment was duly entered in favor of the plaintiff and against the defendants for $1,155.94 and costs.  In October, 1915, the defendant again appealed to this court, and on January 27, 1916, the appeal record was filed.

There is no specification of error worthy of any consideration.  The proof submitted by the plaintiff was not disputed, and it was in no way disputable.  The defendants had no defense, and they did not attempt to make a defense.  The appeal was in keeping with the answer, and it was taken in bad faith and for delay.  In that way this very simple action has been held up and delayed for seven years.  Such a procedure should not be tolerated.  The judgment is affirmed, with costs.

Mr. Justice CHRISTIANSON, being disqualified, did not participate.